## (April 14, 1970)

ISABELLA BRIDGER, Individually, and as Administratrix of the Estate of JAMES E. BRIDGER, Deceased, Plaintiff, v. JOHN H. DONALDSON, Respondent, and WHIPPET MOTOR LINES CORP., Appellant, et al., Defendants.— Order entered

November 17, 1969, granting motion to vacate default and to serve an answer to complaint and cross complaint, unanimously modified on the law, the facts, and in the exercise of discretion, without costs or disbursements, so as to deny motion to open default in answering cross complaint. That portion of the appeal from the other provisions of the order opening defendant Donaldson's default in answering the complaint is dismissed, without costs and without disbursements. Although CPLR 5015 (subd. [a], par. 1) does permit relief from an "excusable default" there must first be a demonstration of both an impressive reason vindicating the delay in answering and a meritorious defense. (*Investment Corp. of Philadelphia* v. *Spector*, 12 A D 2d 911; *Levine* v. *Fal-Bar Argentinian Corner Rest.*, 18 A D 2d 611.) Neither is here present. The defendant Donaldson, despite repeated and importunate admonitions, made no effort to appear in this litigation until April 7, 1969, at which time he finally sought vacatur of the inquest and judgment of May 7, 1968. When we consider that the initial complaint is dated February 18, 1965, and the cross complaint July 12, 1965, the delay of the defendant Donaldson is insupportable. Nor is there any setting forth of facts indicating the existence of a meritorious defense to the cross complaint; we note also the failure to submit a proposed answer with respondent's papers. (Cf. *Levine* v. *Fal-Bar Argentinian Corner Rest.*, *supra*.) However, since plaintiff has not appealed from the order insofar as it opens respondent's default in answering the complaint, appellant may not question that part of the order since appellant is not an aggrieved party in respect of that relief (CPLR 5511). Concur — Eager, J. P., McGivern, Markewich and Nunez, JJ.