■ STATE BANK OF ALBANY, Respondent, v. GUISEPPI ESTATES, INC., et al., Appellants.— Appeal from an order of the Supreme Court at Special Term, entered September 18, 1972 in Columbia County, which denied defendants' motion to vacate a default judgment of foreclosure and stay the sale of cer-

tain real property subject thereto. Defendants are Carmine Longobardi and Josephine Longobardi, a brother and sister, and Guiseppi Estates, Inc., a corporation which is wholly owned by Josephine Longobardi, and has as its sole asset a 103-acre farm in the Town of Chatham, Columbia County, New York. On October 18, 1966 defendants borrowed $20,000 from plaintiff bank and in return gave the bank their bond. As collateral security, defendant Guiseppi Estates, Inc., gave the bank a mortgage on the 103-acre farm. Payments were made on the mortgage until April 1, 1970, after which no further payments were made that year. Also, during this period since the inception of the mortgage, the bank made numerous unsecured loans to defendant Carmine Longobardi which remained unpaid. Thus, when an agent of the bank appeared at the apartment of the individual defendants on December 31, 1970, the corporate defendant had been in default for some time on its mortgage as had Carmine been on his unsecured loans. The agent had a proposal for defendants, namely, that Guiseppi Estates, Inc., should assume the unpaid personal loans of Carmine and incorporate them along with the arrearages on the 1966 mortgage into a new mortgage which amounted to $13,702.83 after the inclusion of certain additional costs and fees. Should this be agreeable to defendants, the bank would agree to forebear bringing suit on Carmine's debts and the 1966 mortgage. Apparently out of fear that they would lose the farm, defendants agreed to the second mortgage. Within two months, they defaulted on this mortagage also and, in January of 1972, the bank commenced an action for foreclosure. A default and reference for sale of the property ensued, and defendants' attorney learned of the situation when he saw the notice of sale in a local newspaper. He then came to the aid of defendants, who shortly thereafter moved to vacate the judgment. Their motion was denied and this appeal followed. While their brief is far from precise on the point, it appears that excusable neglect is the ground upon which defendants seek vacation of the default judgment (CPLR 5015, subd. [a], par. 1). To prevail on their motion, therefore, they must demonstrate "an impressive reason vindicating the delay in answering" (*Bridger* v. *Donaldson,* 34 A D 2d 628, 629), and this they have failed to do. In fact, their attorney acknowledges that they were personally served with a summons and complaint and presents no "valid excuse" for their default (*Wall* v. *Bennett,* 33 A D 2d 827), concentrating his argument instead on defenses to an action upon the merits. Accordingly, Special Term "was well within its discretion in denying [defendants'] application to open the default", and we will not disturb its decision (*Harris* v. *Harris,* 35 A D 2d 894). Order affirmed, without costs. Herlihy, P. J., Cooke, Sweeney and Main, JJ., concur.