■ KIRKMAN/3HREE, INC., Appellant, v PRIORITY AMC/JEEP, INC., et al., Defendants, and DAN PRIOR, Individually, Respondent. — Appeal from an order of the Supreme Court at Special Term (Torraca, J.), entered August 30, 1982 in Albany County, which granted defendant Dan Prior's motion to vacate a default judgment pursuant to CPLR 5015 (subd [a]). Admittedly, defendant Prior was personally served with the summons and complaint herein on February 18, 1982 and failed to answer or move until after judgment was taken by default on May 5, 1982. In defendant's affidavit on the motion to vacate the default judgment, he averred that he had contacted a certain Schenectady attorney by telephone, was advised that the said attorney would represent him and was directed to send the attorney the summons and complaint. Defendant admitted failing to do so, but explained that this was because the papers were mislaid while he was in the process of moving and changing jobs. He maintained, however, that the attorney had left him with the impression that "in any event said attorney would be able to defend the said lawsuit". Defendant further averred that subsequently he found the papers, but received notice of the default judgment before he could take further action. Plaintiff's attorney's affidavit in opposition stated that five days after the original time to answer had expired, he had been called by the Schenectady attorney who advised that he was appearing on defendant's behalf and requested a brief extension of time to prepare and serve an answer, which request was granted. When he did not receive an answer at the end of the period of the extension, plaintiff's attorney then contacted both the office of the Schenectady attorney and defendant personally to advise that unless he promptly received an answer or a request for an additional extension, he would enter the default. After waiting an additional three-week period without receiving any answer or further communication, plaintiff's attorney then entered judgment. Plaintiff's attorney further averred that after he gave notice of the default judgment, he received communications from both defendant and the Schenectady attorney in which it was conceded that the attorney had repeatedly requested defendant to forward to him the summons and complaint, to no avail. Although an affidavit was submitted by defendant's present attorney in response to plaintiff's opposing papers, no reply affidavit, by either defendant or his prior Schenectady attorney, disputing the truth of the facts set forth in plaintiff's attorney's affidavit was submitted. Therefore, the uncontradicted facts clearly establish that defendant had failed to cooperate with his then attorney, apparently neglected to make a diligent and prompt search for the copy of the summons and complaint he had misplaced, and then totally ignored the admonition he personally received from plaintiff's attorney that unless prompt action was taken, a default judgment would be entered. These facts make patently insufficient defendant's proffered explanation as an "'impressive reason vindicating the delay in answering'" (*State Bank of Albany v Guiseppi Estates*, 44 AD2d 878, 879; *Bridger v Donaldson*, 34 AD2d 628, 629). Nor should defendant have been relieved of his default because plaintiff had failed to mail an additional copy of the summons to him before entering the default, as required by CPLR 308 (subd 5). Under the statute, this requirement only applied to the first of the three causes of action contained in the complaint upon which judgment was entered, and applies not at all when a defendant has entered an appearance in the action. The salutary

purpose of CPLR 308 (subd 5) to provide additional notice of the commencement of the action to an unrepresented defendant before a default may be entered was certainly met here. Defendant had retained counsel who informally appeared, and he was personally notified by plaintiff's attorney of the impending default. We agree with the position taken by a leading commentator on the CPLR that the entry of a default without compliance with CPLR 308 (subd 5) should not, on a motion to vacate the default, "automatically entitle defendant to relief from the judgment. If defendant would not ordinarily be entitled to relief under CPLR 317 or 5015 (subd [a]), the judgment should be allowed to stand" (4 Weinstein-Korn-Miller, NY Civ Prac, par 3215.29). Accordingly, it was an improvident exercise of discretion for Special Term to have granted defendant relief from his default. Order reversed, on the law and the facts, with costs, and defendant Prior's motion pursuant to CPLR 5015 (subd [a]) denied. Sweeney, J. P., Main, Casey, Mikoll and Levine, JJ., concur.