■ ROBERT WHITAKER et al., Appellants, v JOHN J. McGEE et al., Defendants, and GREEN MOUNTAIN FOREST PRODUCTS, INC., Respondent. — Appeal from an order of the Supreme Court at Special Term (Walsh, Jr., J.), entered October 24, 1982 in Clinton County, which granted defendant Green Mountain Forest Products, Inc.'s motion to be relieved of its default in answering, permitted said defendant to file an answer, and stayed entry of the default judgment obtained against said defendant. On June 23, 1981, defendant Green Mountain Forest Products, Inc. (defendant), a Vermont corporation not registered to do business in New York, entered into a contract with defendant Wilmington Dryer Company (Wilmington) to harvest timber on Wilmington's land in Clinton County. It is undisputed that a quantity of timber was cut by defendant on a portion of plaintiffs' property which adjoined that of Wilmington. Thereafter, in early March, 1982, this action was commenced. The complaint alleged that defendant willfully cut timber on plaintiff's land and demanded treble damages pursuant to the provisions of RPAPL 861 (subd 2). The uncontested facts set forth in the moving and opposing papers on the instant motion establish that defendant was served by personal service of the summons and complaint on its corporate vice-president during a settlement conference on March 5, 1982, and also by service pursuant to section 307 of the Business Corporation Law, mailed to the corporation at its Vermont address on March 8, 1982. Plaintiffs' attorney completed the requisite filing of affidavits in the Clinton County Clerk's office on March 19, 1982. Therefore, defendant's time to answer the complaint expired at the earliest on March 25, 1982 (20 days after personal service was effected) and at the latest, on April 28, 1982 (30 days after completion of mailed service). However, no answer was served when plaintiffs moved for and were granted an order on May 20, 1982 declaring defendant in default and directing a reference for the assessment of damages with authority for the entry of final judgment by the clerk on the report of the referee. The instant application for relief from the default was not made until August 16, 1982. By that date, proof on damages had been submitted to the referee, but no report had been rendered. Special Term granted the application without a written decision, and this appeal from the order entered thereon ensued. With respect to defendant's explanation for its default, the moving affidavit by defendant's president states that after his father (defendant's vice-president) discussed the matter with plaintiffs' attorney, it was their belief that the summons and complaint mailed to the corporation was "merely an information copy", and that thereafter there were settlement discussions which were unavailing. When they heard nothing further from plaintiffs' attorney, they ultimately decided in early August, 1982

to consult a New York attorney. Defendant's vice-president further averred in a reply affidavit that when a settlement was not achieved, he "assumed" that defendant would be given further notice of any trial and an opportunity to contest both damages and the allegations that defendant's cutting of trees on plaintiffs' property was intentional. Uncontradicted in defendant's supporting and reply affidavits were plaintiffs' attorney's averments in his opposing affidavit that (1) during settlement discussions in early March, 1982, he advised defendant's officers that the suit had in fact been commenced and was for treble damages, and that unless the claim was settled or defendant answered the complaint, judgment would be taken by default; (2) that in late April, 1982, the parties again discussed settlement and he advised defendant's officer that the time to answer was expiring and he should get back to him with a firm offer immediately; and (3) when he was not thereafter recontacted by defendant, he applied for a default judgment on May 20, 1982. As previously noted, defendant took no action to protect its interests until the following August. Defendant's erroneous assumptions concerning the status of the action and its opportunity to contest damages were, in the light of these uncontradicted facts, totally insufficient as an "impressive reason vindicating the delay in answering" (*Kirkman/3hree, Inc. v Priority AMC/Jeep,* 94 AD2d 870; *State Bank of Albany v Guiseppi Estates,* 44 AD2d 878, 879; *Bridger v Donaldson,* 34 AD2d 628, 629). It was thus an improvident exercise of discretion for Special Term to have relieved defendant of its default, and defendant should be precluded from answering to contest liability and to establish that its cutting of trees on plaintiff's land was casual and involuntary in order to relieve itself from liability for treble damages (RPAPL 861, subd 2, par a). However, as conceded by plaintiffs' attorney on the oral argument, retrial of the assessment of damages is required because of the failure to have had a transcript made of the prior proceeding before the referee (CPLR 4320, subd [b]). At such retrial, defendant should be given an opportunity to contest actual damages. Order modified, on the law and the facts, by reversing so much thereof as relieved defendant Green Mountain Forest Products, Inc., of its default in answering and permitted said defendant to serve an answer, and matter remitted to the referee for trial on the issue of actual damages, upon five days' notice thereof to defendant, and, as so modified, affirmed, with costs. Mahoney, P. J., Sweeney, Weiss and Levine, JJ., concur.

Kane, J., concurs in part and dissents in part in the following memorandum. Kane, J. (concurring in part and dissenting in part). In order to be relieved of its default, defendant must demonstrate: (1) a reasonable excuse for the default, and (2) a meritorious defense (Siegel, NY Prac, § 108, pp 133-135). A motion, such as this, is addressed to the broad discretion of Special Term (5 Weinstein-Korn-Miller, NY Civ Prac, par 5015.033; Siegel, NY Prac, § 108, pp 133-135) and the courts have historically been liberal in vacating defaults (*id.*). After reviewing the instant record, I am unable to agree with the majority that Special Term abused its discretion by concluding that defendant offered a reasonable excuse for its default. In large part, the affidavits submitted by the parties were conflicting. Such being the case, I am very reluctant to disturb Special Term's determination of this issue. As the majority notes, defendant's representatives (defendant's president and vice-president) state that they misapprehended the significance of the summons and complaint, believing that settlement negotiations were ongoing and that under no circumstance would they be denied their "day in court" upon the merits. Indeed, according to plaintiffs' attorney, settlement talks were conducted up to and including April 30, 1982, a time after which defendant's time to answer had expired. Moreover, there is nothing in the record to indicate that defendant's representatives were familiar with legal proceedings. Turning to the

merits of its defense, defendant has clearly demonstrated a meritorious defense to plaintiffs' claim for treble damages. Defendant has, however, conceded its liability for other than treble damages. This being the case, it is my conclusion that Special Term did not abuse its discretion in granting defendant's motion with respect to plaintiffs' claim for treble damages.