■ DAWN C. TUCKER, Respondent, v MARTIN J. ROGERS, Appellant. — Appeal from an order of the Supreme Court at Special Term (Dier, J.), entered October 28, 1982 in Warren County, which denied defendant's motion to vacate a default judgment. Within 20 days after personal service of the summons and complaint in this personal injury action, defendant went to the office of plaintiff's attorney and orally denied the negligence alleged. On October 27, 1981, in a telephone conversation with defendant, plaintiff's attorney advised defendant to give the process to his insurance agent or his attorney and that defendant could view a photograph of the accident scene and accident report. No communications followed defendant's viewing of said items and, on November 23, 1981, the attorney wrote defendant advising of his default and informing him that unless responsive pleadings were received by December 3, 1981, a default judgment would be taken. Defendant denied receipt of the letter which strongly urged him to consult an attorney. On August 19, 1982, defendant's bank notified him that an execution had been levied against his account upon a default judgment entered July 13, 1982. Special Term denied defendant's August 25, 1982 motion to vacate the judgment, giving rise to this appeal. There should be an affirmance. To qualify for relief from an "excusable default" pursuant to CPLR 5015 (subd [a], par 1), a defendant must first show an impressive reason vindicating the delay in answering (*State Bank of Albany v Guiseppi Estates,* 44 AD2d 878, 879; *Bridger v Donaldson,* 34 AD2d 628, 629).

In his affidavit supporting the motion to vacate the default judgment, defendant averred it was his good-faith belief that the 20-day time period in which to answer was satisfied by his physical appearance and telephone conversation with plaintiff's counsel. Defendant further denied receiving the letter of November 23, 1981. By way of contrast, plaintiff's attorney's affidavit in opposition demonstrates that he advised defendant to consult an attorney and directed the November 23, 1981 letter to defendant, addressed to the same place service of process had been effected. Whether defendant actually received this default notice presented a matter of credibility for Special Term to resolve. In view of the facts presented, we cannot say Special Term abused its discretion in disregarding defendant's proffered explanations as patently insufficient (*Kirkman/3hree v Priority AMC/Jeep,* 94 AD2d 870). Defendant's erroneous assumptions concerning the status of the action does not negate the fact he was given ample opportunity and notice to consult an attorney. Having chosen to take no action to protect his interests, defendant should not now be relieved of his default. Order affirmed, with costs. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.