■ SINIBALDO LEONE, JR., et al., Respondents, v HERBERT JOHNSON et al., Appellants. — Appeal from an order of the County Court of Sullivan County (Scheinman, J.), entered August 18, 1982, which denied defendant Herbert

Johnson's motion to vacate a default judgment of foreclosure and sale. As a result of an earlier unrelated action, plaintiff Sinibaldo Leone, Jr.'s corporation had secured a judgment lien on defendants' residence. When, on October 15, 1979, that property was to be sold at public auction for unpaid taxes, plaintiffs, to protect the corporation's interest in that property, loaned defendants $8,412 at 10% interest to enable him to satisfy the taxes. The loan, secured by a note and mortgage on the premises, was due and payable in one year. The note was not paid and, on November 16, 1981, defendants were personally served with a summons and complaint in an action to foreclose the mortgage. On December 4, 1981, defendant Herbert Johnson, appearing *pro se,* served a document described in bold letters as a "Notice of Appearance" in which he acknowledged both service of the summons and complaint, the sum due and proposed a repayment schedule that plaintiffs subsequently rejected. Additional copies of the summons and complaint were mailed to defendants on December 8, 1981 pursuant to CPLR 308. Judgment of foreclosure was entered on March 22, 1982 and the sale was scheduled for May 4, 1982. A copy of the notice of sale was mailed to defendant Herbert Johnson and concededly received by him on April 3, 1982. In July, defendant, claiming that he thought his notice of appearance constituted an answer and further that there was an oral modification of the note and mortgage agreement, moved unsuccessfully to have Special Term vacate the judgment of foreclosure. We affirm. Defendant's notice of appearance did not constitute an answer. It is not so described nor was it treated as such by the parties after its interposition. The document contains no response to the allegations in the complaint nor any affirmative defenses; it merely acknowledges the debt due and proposes a schedule of repayment. That defendant proceeded without the assistance of counsel is an inacceptable excuse, for he had ample opportunity and was furnished sufficient warning of the need to consult an attorney. Furthermore, a meritorious defense is lacking. The oral modification of the mortgage claimed by defendant is unenforceable because it is not in writing (General Obligations Law, § 5-703; *Sleeth v Sampson,* 237 NY 69, 72; *Fenton v Waite,* 25 Misc 2d 406, 409). Essential to a successful motion to vacate a default are a legally cognizable excuse and a meritorious defense (see Siegel, NY Prac, § 108, p 135). Here, defendant has shown neither. Order affirmed, without costs. Kane, J. P., Main, Yesawich, Jr., Weiss and Levine, JJ., concur.