■ UNION NATIONAL BANK, Appellant, v THOMAS E. O'DONNELL et al., Respondents. — Appeal from an order of the Supreme Court at Special Term

---

(Cobb, J.), entered October 13, 1983 in Albany County, which denied plaintiff's motion for a default judgment. ¶ This action on two promissory notes and personal guarantees thereof was commenced by service of a motion for summary judgment in lieu of a complaint. Defendants appeared in opposition through their attorneys, Blottner, Derrico and Hoffman, Esqs., under a retainer agreement which was expressly limited to services in connection with opposing the motion and not to include those necessary for defending the underlying action. Summary judgment was denied in a decision by Special Term (Hughes, J.), dated December 27, 1982, on the ground that defendants had raised triable issues on one or more defenses to the action. Special Term further held that the complexity of the litigation required formal pleadings by the parties and set up a timetable for the service of a complaint and an answer 20 days thereafter. The order, submitted by plaintiff, was entered January 28, 1983 and the complaint was served on defendants' attorneys on February 1. No answer was forthcoming and, on March 9, 1983, plaintiff moved for a default judgment. In opposition, defendants submitted affidavits by defendant Thomas E. O'Donnell and a member of the firm that represented them on the motion for summary judgment. The attorney's affidavit explained the firm's failure to interpose an answer on the basis that, under their limited retainer with defendants, any obligation to represent defendants ceased upon the determination of plaintiff's motion for summary judgment. The attorney further averred that defendants were advised to this effect in separate letters after the summary judgment motion was decided and after the complaint was received. However, defendants never contacted them to arrange for additional legal services. Special Term correctly noted that under the foregoing circumstances, the default in answering could not be attributed to any law office failure on the part of defendants' attorneys. Defendant O'Donnell's explanation was that, after his lawyers sent him the decision denying summary judgment, he "presumed" that since the decision called for the submission of further pleadings, the preparation of an answer was "part of the pending motion". Defendant O'Donnell further averred that even after he again heard from his attorneys that the complaint had been served, "I thought that since he had all the information that he would take care of the matter". Special Term deemed this a valid excuse, because of defendants' lack of familiarity with the law and the absence of any showing that the default was intentional. ¶ In our view, the grounds upon which Special Term denied plaintiff's motion for a default judgment were insufficient to form the basis of its decision. It was not incumbent upon plaintiff to establish that the default was intentional. In order to be relieved from a default in answering, the burden was on defendants to establish not only an absence of willfulness, but also a valid excuse and a meritorious defense (*Rondout Val. Pub. Co. v AM Int.*, 93 AD2d 912, 913). We have previously held that to show a valid excuse for such a default, a defendant must submit "an 'impressive reason vindicating the delay in answering'" (*Whitaker v McGee,* 95 AD2d 938, 939; *Kirkman/3hree, Inc. v Priority AMC/Jeep,* 94 AD2d 870). Defendants' professed misapprehension concerning their attorneys' obligation to answer the complaint is singularly unimpressive as a justification for their default. Defendant O'Donnell conceded in his affidavit that he was fully aware that the retainer covered only legal services in connection with opposing the initial motion for summary judgment. He received a covering letter from his attorneys with a copy of the decision on that motion in which they explicitly reminded him of the scope of their retainer and advised him of the necessity of a further retainer concerning the drafting of pleadings as required under the decision. When defendants' attorneys received the complaint, they again wrote to defendant O'Donnell, advising of that development and suggesting that he make arrangements for a further retainer

so that "your interests [are] protected". All of these warnings were ignored by defendants. Under such circumstances, we are unable to conclude that a mature lay person of normal intelligence could reasonably have assumed that the preparation of an answer was covered under the original retainer agreement. Such a conclusion is even less tenable here, since defendant O'Donnell's various affidavits submitted during the course of the proceedings reveal him to be an experienced businessman who was able to competently handle several complex negotiations without legal counsel during the course of dealings between the parties. Defendants' delay in answering the complaint amounted to nothing more than sheer neglect and should not be condoned. Accordingly, plaintiff was entitled to a default judgment. ¶ Order reversed, on the law and the facts, with costs, and plaintiff's motion for default judgment granted. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.