■ MIREILLE PAIGE, Respondent, v TURNER HALL CORP. et al., Appellants. — In an action, *inter alia,* to recover damages for breach of an oral employment contract, defendants appeal, as limited by their notices of appeal and brief, from so much of (1) an order of the Supreme Court, Nassau County (Young, J.), dated June 15, 1982, as denied their motion, for summary judgment dismissing the first cause of action and (2) a further order of the same court, dated February 24, 1983, as, upon deeming their motion for renewal of the prior motion as one for reargument and granting reargument, adhered to its prior determination. ¶ Appeal from the order dated June 15, 1982, dismissed as academic. Said order was superseded by the order granting reargument. ¶ Order dated February 24, 1983, affirmed insofar as appealed from. ¶ Plaintiff is awarded one bill of costs. ¶ Although plaintiff's affidavits in response to defendants' motion for summary judgment seem to contradict statements she made at her deposition, our burden is issue finding and there does appear to be an issue of fact as to the termination terms under the alleged contract. Lazer, J. P., Bracken, Rubin and Eiber, JJ., concur.

■ JERRY PASSALACQUA, Appellant, v ROBERT BANAT, Doing Business as RIDGE BURGLAR ALARM Co., Respondent. — In an action to recover damages for negligence and breach of contract, plaintiff appeals from an order of the Supreme Court, Kings County (Hirsch, J.), dated February 28, 1983, which, *inter alia,* conditionally granted defendant's motion to be relieved of a default judgment entered November 9, 1982. ¶ Order reversed, on the law and as an exercise of discretion, with costs, motion denied, and judgment entered November 9, 1982, reinstated. ¶ Defendant Robert Banat contended at Special Term that his failure to timely serve an answer resulted from "his ignorance of the law, ignorance of the possible consequences and a mistaken notion as to the motives of the plaintiff". Specifically, he explained his failure to interpose an answer by stating that he is a highly emotional person who was greatly angered when this lawsuit was instituted against him. Believing that the action lacked merit, he simply ignored the complaint, the amended complaint and the interim court orders directing service of an answer. It was not until he learned that a default judgment in the principal sum of $16,000 had been entered against him and his business that Banat consulted with an attorney. He then, for the first time, attempted to defend the action by moving to be relieved of his default and for leave to interpose an answer. ¶ The motion should have been denied. A party seeking to be relieved of an order or judgment on the ground of excusable default (CPLR 5015, subd [a], par 1) must establish both that there is a reasonable excuse for the delay, and that there exists a meritorious claim or defense (*Weber v Victory Mem. Hosp.,* 98 AD2d 719). In this case, Banat's willful and intentional failure to serve his answer was not excusable. He received ample notice of plaintiff's intent to enter a default judgment and was given an adequate opportunity to serve a responsive pleading (*County Asphalt v North Rockland Underground Corp.,* 98 AD2d 570; *Kirkman/3hree, Inc. v Priority AMC/Jeep,* 94 AD2d 870). The fact that he may have made erroneous assumptions regarding the validity of the action and the need to defend is an insufficient excuse to permit vacatur of the judgment entered against him (*Whitaker v McGee,* 95 AD2d 938). Having chosen not to consult with an attorney or to otherwise take steps to protect his interests, defendant was not entitled to be relieved of his default (*Tucker v Rogers,* 95 AD2d 960). ¶ In view of our determination, we need not address the question of whether defendant established the existence of a meritorious defense. Mangano, J. P., Bracken, Weinstein and Niehoff, JJ., concur.