■ HOOSAC VALLEY FARMERS' EXCHANGE, Respondent, v GEORGE LEWIS, Appellant, et al., Defendants.—Weiss, J. Appeal from that part of an order of the Supreme Court at Special Term (Prior, Jr., J.), entered January 22, 1985 in Rensselaer County, which denied defendants' motion to vacate a default judgment against George Lewis, individually.

The underlying action on an account stated for agricultural goods sold and delivered was commenced on November 17, 1983 by personal service of a summons and complaint on George Lewis and Delwin Lewis and Sons, Inc., a Vermont corporation (hereinafter corporation) of which Lewis was president. On December 20, 1983, a default judgment was entered in plaintiff's favor upon defendants' failure to timely answer. In the interim, the corporation filed a petition in bankruptcy which plaintiff acknowledges vitiated the default judgment as against the corporation. Although Lewis concedes that he received the initial process, defendants' motion to vacate the default judgment was not made until October 9, 1984. While Special Term granted the motion as to the corporation, the motion was denied as to Lewis for failure to present a viable excuse as to the default. Lewis has appealed.

We affirm. It is well established that a party seeking vacatur of a default judgment must, pursuant to CPLR 5015 (a) (1), demonstrate both a reasonable excuse for the default and a meritorious defense (see, Elgart v Raleigh Hotel Corp., 115 AD2d 165). An examination of the papers before Special Term confirms that Lewis failed to offer any reason vindicating his tardiness. Nor are we persuaded by the suggestion in his brief that the corporation's bankruptcy petition influenced him not to serve an answer. It was incumbent upon Lewis to present a viable excuse for his own inaction. Having failed to do so, we cannot say that Special Term abused its discretion in refusing to vacate the default as against Lewis (see, Passalacqua v Banat, 103 AD2d 769, appeal dismissed 63 NY2d 770; Tucker v Rogers, 95 AD2d 960, 961; Kirkman/3hree, Inc. v Priority AMC/Jeep, 94 AD2d 870, 870-871).

Order affirmed, with costs. Mahoney, P. J., Kane, Weiss, Mikoll and Levine, JJ., concur.