■ JAMIL AWAD, Respondent, v PERICLES SEVERINO et al., Appellants.—In an action for specific performance of a contract to sell real estate, the defendants appeal from an order of the Supreme Court, Kings County (Pizzuto, J.), dated March 28, 1985, which denied their motion to vacate a judgment entered on default.

Order affirmed, without costs or disbursements.

We find no abuse of discretion in the court's denial of the defendants' motion to open their default and vacate the judgment which was entered against them. In order to obtain relief from a judgment or order pursuant to CPLR 5015 (a) (1) the defaulting party must show a reasonable excuse for the default. In this case, the purported excuse was that the defendants assumed the need to answer the summons and complaint had been "obviated" because they erroneously believed that the contract had been rescinded. This excuse, which essentially amounts to a claim of ignorance of the law, is insufficient, particularly in view of the fact that the defendants were represented by an attorney in connection with the real estate transaction. The defendants' erroneous assumption that there was no need to answer the complaint does not constitute a valid excuse for their default (see generally, Amity Plumbing & Heating Supply Corp. v Zito Plumbing & Heating Corp., 110 AD2d 863; Passalacqua v Banat, 103 AD2d 769; Leone v Johnson, 99 AD2d 567; Whitaker v McGee, 95 AD2d 938; cf. Fire Is. Pines v Colonial Dormer Corp., 109 AD2d 815).

The defendants' other contentions are without merit. Lazer, J. P., Thompson, Lawrence and Eiber, JJ., concur.