■ The People of the State of New York, by Robert Abrams, as Attorney-General of the State of New York, Respondent, v Noel Scudds, Appellant, et al., Respondents. [600 NYS2d 379] —Crew III, J. Appeals (1) from a judgment of the Supreme Court (Travers, J.), entered November 22, 1991 in Albany County, which granted petitioner's application, in a proceeding pursuant to Executive Law § 63 (12), to enjoin respondents from engaging in a certain business, and (2) from an order of said court, entered April 17, 1992 in Albany County, which denied a motion by respondent Noel Scudds to vacate a default judgment entered against him.

This proceeding was commenced on May 22, 1991 pursuant to Executive Law § 63 (12) and General Business Law articles 22-A and 36-A seeking, *inter alia,* to enjoin respondent Noel Scudds (hereinafter respondent) from engaging in the home improvement business and door-to-door sales in this State and from engaging in any business dealing with consumers until a $100,000 performance bond is filed. Following service of the petition upon respondent, he appeared *pro se* on the return date and obtained an adjournment. On the adjourned date

respondent again appeared *pro se* and obtained an additional adjournment. At the third appearance respondent again appeared *pro se,* advised Supreme Court that he had retained counsel, who was then on vacation, and the matter was adjourned to August 12, 1991 for respondent's appearance with counsel. On that date, respondent again appeared in court and advised that he had decided not to retain counsel. Throughout this period of time, respondent neither answered the petition nor sought an extension to do so. On September 12, 1991, Supreme Court was informed that a proposed stipulation of settlement had been drafted and the matter was adjourned to October 21, 1991 so that respondent could review the stipulation with an attorney. On October 21, 1991 respondent advised the court that he was rejecting the proposed settlement and demanded an immediate trial. Supreme Court advised respondent that he was required to serve an answer to the petition and adjourned the matter to October 23, 1991 for that purpose. Respondent neither appeared on the adjourned date nor served an answer. Petitioner then served a notice of motion for default judgment returnable on November 4, 1991. Upon respondent's failure to appear or respond to that motion, judgment was granted against him. Respondent then moved to vacate the default judgment, which motion was denied, and these appeals ensued.

A party seeking to vacate a default judgment must demonstrate both a reasonable excuse for the default and a meritorious defense *(see, David Sanders, P. C. v Sanders, Architects,* 140 AD2d 787, 789). As excuses for his default, respondent asserts that he was unaware of the need to file an answer, that settlement negotiations should have extended his time to answer, that his inadvertent error in properly diarying the matter constituted excusable "law office failure" and that his prior personal appearances were sufficient in the circumstances of this case. Finally, respondent maintains that he did not retain an attorney in this matter due to his inability to afford one. Each of these proffered excuses, however, have been judicially determined to be unreasonable *(see, General Elec. Tech. Servs. Co. v Perez,* 156 AD2d 781, 783; *Awad v Severino,* 122 AD2d 242; *Passalacqua v Banat,* 103 AD2d 769; *Union Natl. Bank v O'Donnell,* 101 AD2d 676, 677-678; *Leone v Johnson,* 99 AD2d 567, 568; *Whitaker v McGee,* 95 AD2d 938; *Rondout Val. Publ. Co. v AM Intl.,* 93 AD2d 912, 913).

We have considered respondent's remaining contentions and find them to be without merit. Accordingly, the judgment and order should be in all respects affirmed.

Weiss, P. J., Levine, Mahoney and Casey, JJ., concur. Ordered that the judgment and order are affirmed, with costs.