█ MARINE MIDLAND BANK, N.A., Appellant, v MARGARET FANNING, Also Known as MARGARET MASSET, Respondent. [649 NYS2d 102] —Mikoll, J. P. Appeal from an order of the Supreme Court (Connor, J.), entered July 10, 1995 in Greene County, which granted defendant's motion to vacate a default judgment entered against her.

Defendant was the signatory to a retail installment contract, dated May 23, 1988, involving the purchase of an automobile. In June 1991, plaintiff commenced a collection action against defendant as a result of her failure to make payments under the contract. Plaintiff obtained a default judgment against defendant in April 1992. Defendant subsequently moved to vacate the default judgment in March 1995. Supreme Court granted defendant's motion. On appeal, plaintiff argues, *inter alia*, that defendant failed to make the requisite showing warranting vacatur of the default judgment. Based upon our review of the record, we agree.

"A default judgment will be vacated upon a showing of a reasonable excuse for the default and that the defaulting party has a meritorious defense" (*Matter of Waite v Whalen*, 215 AD2d 922, 923; *see*, *Pagano v U.W. Marx, Inc.*, 223 AD2d 817). Defendant has demonstrated a meritorious defense to the action insofar as she has averred that her ex-husband forged her signature on the retail installment contract. We do not, however, find that she has established a reasonable excuse for the default. Defendant asserts that when she was first contacted by plaintiff regarding the missed payments, her ex-husband assured her he would take care of the matter. She further claims that when she contacted plaintiff's attorneys in August 1992 after learning that a default judgment had been entered against her, they advised her not to worry about it and that they would investigate her claim of forgery. Defendant, however, offers no explanation for her failure take any further action until February 1994, nearly a year and a half later, at which time she again contacted plaintiff's attorneys. Nor has she put forth a plausible reason for her failure to take formal action to vacate the default until March 1995.

We find defendant's vague assertion that she lacked the resources to hire an attorney prior to March 1995 unpersuasive in light of the fact that an attorney acting on defendant's behalf contacted plaintiff's attorneys as early as March 1994. Moreover, defendant's reliance upon our decision in *Poughkeepsie Sav. Bank v Tyson* (170 AD2d 818) is misplaced given that the plaintiff in that case promptly moved to vacate the default judgment after it had been entered. In view of our disposition, we need not consider plaintiff's remaining contention.

Casey, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.