■ JOHN R. AYRES, Respondent, v SANDRA M. POWER, Appellant, et al., Defendants. [656 NYS2d 488] —Peters, J. Appeal from an order of the Supreme Court (Ingraham, J.), entered November 29, 1995 in Chenango County, which, *inter alia*, denied defendant Sandra M. Power's motion to vacate a judgment of foreclosure entered against her.

Between December 1988 and March 1991, plaintiff loaned money to defendant Sandra M. Power on several occasions. Each time, as security for repayment, she executed and delivered a mortgage note and mortgage which reflected the proffered amount. These mortgages were ultimately consolidated into one first-mortgage lien. When defendant failed to pay the real estate taxes as well as the monthly payments of principal and interest, plaintiff commenced a mortgage foreclosure action. Upon receipt of the summons and complaint, Power consulted counsel who advised her that since there existed no viable defense, an answer would not be submitted.

Without a responsive pleading, Supreme Court granted a default judgment and appointed a Referee to compute the amount due. On August 25, 1994, a judgment of foreclosure and sale was entered and, on October 4, 1994, the premises were sold to plaintiff as the highest bidder. However, approximately 40 minutes prior to such sale, plaintiff learned that defendant filed for bankruptcy protection under chapter 7 of the Bankruptcy Code.

On May 23, 1995, plaintiff moved in Bankruptcy Court to lift the automatic stay so that the foreclosure action could proceed. Bankruptcy Court granted plaintiff's motion, but delayed the effective date for 30 days to allow verification of the amount claimed due. Notwithstanding the provision of an itemized account to defendant, plaintiff heard no further. At a second foreclosure sale scheduled for August 31, 1995, plaintiff, as the only bidder present, acquired the mortgaged premises for $55,147.92, the balance believed to be due. It was later determined that the actual amount due as of such date was $48,179.11.

On September 18, 1995, defendant sought to vacate the foreclosure judgment and sale on the ground, *inter alia*, that the underlying mortgage loans are void as usurious. Plaintiff cross-moved for leave to file an amended report of sale reflecting the actual amount due as of such date and for an order confirming the Referee's amended report of sale. On November 29, 1995, Supreme Court denied defendant's motion and granted plaintiff's cross motion. Defendant now appeals.

In order to vacate a default judgment, the proponent must

establish the existence of a reasonable excuse for the default as well as a meritorious defense (*see, Marine Midland Bank v Fanning*, 233 AD2d 600; *Matter of Waite v Whalen*, 215 AD2d 922). Here, the record reveals that the default was intentional, since initial consultation with counsel failed to reveal a viable defense (*see, Union Natl. Bank v O'Donnell*, 101 AD2d 676, 677). Moreover, defendant waited over one year after the entry of the judgment of foreclosure before making an application to vacate. During such time, she twice sought to postpone the sale not by alleging a meritorious excuse for her failure to respond, but by invoking the automatic stay provisions of the Bankruptcy Code as well as the discretionary authority of Bankruptcy Court. Reasons ultimately proffered in the application to vacate—conflict of interest by her attorney and confusion between the lender and the broker, only first discovered a year after entry—are completely belied by the record (*see, Marine Midland Bank v Fanning, supra*, at 600; *Union Natl. Bank v O'Donnell, supra*, at 677-678).

Similarly unavailing is the alleged defense of usury. Since all of its elements must be proven by clear and convincing evidence, including unlawful intent (*see, Freitas v Geddes Sav. & Loan Assn.*, 63 NY2d 254, 262; *Fried v Bolanos*, 187 AD2d 108, 110), and since mistakes in computation do not constitute such intent (*see, Freitas v Geddes Sav. & Loan Assn., supra*), had a reasonable excuse for the delay been found the application would still have been properly denied for the failure to demonstrate a meritorious defense.

Finally, we can find no error in permitting an amendment to the report of sale to reflect the actual balance due at the time of sale since there was no showing of any prejudice to defendant which would enure as a result thereof.

. Cardona, P. J., Mercure, Casey and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.