■ DAVID STOLTZ, Respondent, v PLAYQUEST THEATER COMPANY, INC., Appellant, et al., Defendants. [683 NYS2d 339] —Mikoll, J. P. Appeal from an order of the Supreme Court (Connor, J.), entered April 6, 1998 in Ulster County, which denied defendants' motion to vacate a default judgment entered against them.

Defendant Playquest Theater Company, Inc. operated a now-defunct theater where various pieces of plaintiff's artwork were displayed. In March 1995, plaintiff commenced this action to recover the artwork or its monetary value. Upon their failure to appear or answer the summons and complaint, a default judgment was entered against defendants on April 25, 1996. On September 8, 1997, plaintiff served notice of entry of the judgment and initiated attempts to execute thereon. On October 20, 1997, defendants moved for an order pursuant to CPLR 5015 (a) vacating the default judgment. Supreme Court denied the motion, finding that defendants failed to establish a reasonable excuse for the delay or a meritorious defense to the action. Only Playquest appeals.

We affirm. Our review of the record satisfies us that Supreme Court did not abuse its discretion in finding that Playquest failed to meet its burden of demonstrating reasonable excuse for its default. Playquest was served pursuant to Business Corporation Law § 306 (b) (1) by delivery of the summons with notice and verified complaint to the Secretary of State on March 8, 1995. One of Playquest's directors, defendant Zorka Kovacevich, has acknowledged that she received the summons with notice in March or April 1995 and showed it to an attorney. Although Kovacevich attributes her failure to respond to unfamiliarity with legal procedures and absorption with Playquest's administrative and financial crisis, she admits that "since Playquest did not have any significant assets, I did not think that as a practical matter it would make a difference if Playquest responded right away".

Plaintiff claims that this acknowledgment, together with the timing* of Playquest's motion to vacate, suggests that the default was willful based upon the fact that Playquest was by then judgment-proof. Without regard to the legitimacy of this claim, however, we agree with Supreme Court that defendant's proffered excuses for the default are insufficient. Failure to understand the need to defend or erroneous assumptions concerning the validity of an action do not constitute excusable neglect (*see, Pagano v U.W. Marx, Inc.*, 223 AD2d 817; *Awad v Severino*, 122 AD2d 242; *Passalacqua v Banat*, 103 AD2d 769; *Whitaker v McGee*, 95 AD2d 938). Moreover, it appears that although at least one other Playquest director (who also served as its legal counsel) was aware of the default judgment by September 1996 at the latest, Playquest failed to move to vacate the judgment until October 1997. During this period, Playquest ceased operations and vacated the premises where the artwork was located, thereby prejudicing plaintiff insofar as his primary objective was the return of the artwork.

Playquest's remaining argument, that Supreme Court erred in granting the default judgment solely on the basis of plaintiff's affidavit as to its value, is not properly before us. Playquest did not raise this argument in its memorandum of law in support of the vacatur motion; it appears, for the first time, in its reply memorandum. Supreme Court properly did not reach the merits of this claim (*see, Lumbermens Mut. Cas. Co. v Morse Shoe Co.*, 218 AD2d 624; *Potter v Blue Shield*, 216 AD2d 773). Were we to reach the issue, we would find Playquest's arguments unavailing. Because Playquest failed to appear or answer in the action and plaintiff commenced his application for a default judgment within one year of its default, Playquest was not entitled to notice of the default proceedings pursuant to CPLR 3215 (g) (1). Nor was it inappropriate for Supreme Court to ascertain the amount of damages with reference to plaintiff's affidavit (*see, Glasser v American Homes*, 144 AD2d 890, 891).

Crew III, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.

---

* Plaintiff alleges that defendants' motion to vacate followed quickly on the heels of his attempts to conduct discovery to aid in enforcing the judgment, particularly that bearing upon the question of whether Playquest's corporate veil may be pierced so as to render its principals personally liable.