GARAL WHOLESALERS, LTD., Appellant, v RAVEN BRANDS, INC., Respondent, et al., Defendant. [919 NYS2d 358]—

A party seeking to vacate a default in appearing or answering and to serve a late answer must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Heidari v First Advance Funding Corp.*, 55 AD3d 669 [2008]; *Levi v Levi*, 46 AD3d 519 [2007]; *599 Ralph Ave. Dev., LLC v 799 Sterling Inc.*, 34 AD3d 726 [2006]; *New York & Presbyt. Hosp. v Travelers Prop. Cas. Ins. Co.*, 27 AD3d 708 [2006]). The good faith belief of the president of the defendant Raven Brands, Inc. (hereinafter Raven), that his telephone conversation with the plaintiff's

attorney and his subsequent letters denying the allegations in the complaint were sufficient to answer the complaint did not constitute a sufficient excuse for the default, particularly since the plaintiff's attorney responded by letter stating that Raven was in default in answering the complaint (*see Tucker v Rogers*, 95 AD2d 960 [1983]). Furthermore, Raven's erroneous assumptions regarding the validity of the action and the need to defend did not constitute reasonable excuses for its default in answering and for its almost four-month delay in appearing in this action (*see Yao Ping Tang v Grand Estate, LLC*, 77 AD3d 822, 823 [2010]; *Awad v Severino*, 122 AD2d 242 [1986]; *Passalacqua v Banat*, 103 AD2d 769 [1984]). Moreover, the affidavit of Raven's president, which contained only conclusory assertions without any evidentiary support, was insufficient to establish a potentially meritorious defense to the action (*see Kolajo v City of New York*, 248 AD2d 512, 513 [1998]; *Peterson v Scandurra Trucking Co.*, 226 AD2d 691, 692 [1996]; *Lener v Club Med*, 168 AD2d 433, 435 [1990]).

Accordingly, the Supreme Court should have denied Raven's renewed motion, in effect, inter alia, to vacate its default. Rivera, J.P., Florio, Dickerson, Hall and Roman, JJ., concur.