OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed, without costs, tenant’s motion to vacate the default final judgment is granted, and the petition is dismissed.
Landlord commenced this nonpayment proceeding in the commercial landlord-tenant part, alleging that the premises were used for commercial purposes. After tenant’s counsel filed a notice of appearance and a demand “that a copy of the complaint and all papers be served” upon him, a final judgment was entered, upon tenant’s failure to answer, awarding possession to landlord. Thereafter, tenant moved to vacate the default final judgment, asserting, among other things, that the premises are in a private two-family house, that she had purchased the residential family day-care facility from landlord, and that she resided therein as required by the applicable New York State regulations. In opposition, landlord claimed, among other things, that she “[does] not know if [tenant] resides there” but she does know that tenant runs a day-care center there. The Civil Court denied tenant’s motion, finding that tenant had failed to show an excuse for the default.
As landlord, who sold tenant the day-care operation, has not denied knowing that the premises are in a residential two-family house, and has admitted that the premises are used for a daycare center and, in her brief on appeal, that the operation of this day-care facility requires that someone reside in the *44 premises (see 18 NYCRR 413.2 [j]), landlord is charged with knowledge of the residential nature of the occupancy. In light of the misrepresentation in the petition as to the nature of the occupancy (see CPLR 5015 [a] [3]) and the strong legislative policy that all summary proceedings to recover residential premises be commenced in the Housing Part (CCA 110 [a] [5]; see L 1972, ch 982, § 1, as amended by L 1978, ch 310, § 4; Uniform Rules for NY City Civ Ct [22 NYCRR] § 208.42 [a]), the default final judgment should have been vacated and the petition dismissed (see U.B.O. Realty Corp. v Mollica, 257 AD2d 460 [1999]; 379 E. 10th St., LLC v Miller, 23 Misc 3d 137[A], 2009 NY Slip Op 50864[U] [App Term, 1st Dept 2009]; Freeman St. Props., LLC v Coirolo, 17 Misc 3d 137[A], 2007 NY Slip Op 52299[U] [App Term, 2d & 11th Jud Dists 2007]).
Weston, J.P, dissents and votes to affirm the order in the following memorandum. In my opinion, the Civil Court correctly concluded that tenant had failed to demonstrate a reasonable excuse for her failure to answer. Accordingly, I respectfully dissent and vote to affirm the order denying tenant’s motion to vacate the default final judgment.
To vacate the default judgment, tenant was required to show both a reasonable excuse for the default and the existence of a potentially meritorious defense (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138 [1986]; Rodriguez v Paguay, 35 Misc 3d 142[A], 2012 NY Slip Op 50887[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). Since tenant offered no excuse for her default, I find no basis to consider whether tenant demonstrated the existence of a meritorious defense (see Rodriguez v Paguay, 35 Misc 3d 142[A], 2012 NY Slip Op 50887[U]). In any event, tenant’s submissions fall short of establishing such a defense. Moreover, they are patently insufficient to justify vacating the default judgment on the ground of “misrepresentation” (see CPLR 5015 [a] [3]).
Other than tenant’s self-serving statements, there is no proof that landlord misrepresented the nature of the occupancy as commercial — an allegation that tenant failed to raise before the Civil Court. Nothing in the record conclusively establishes that the subject premises were used as a residential two-family house, that tenant resided in the premises, or that landlord was aware, or should have been aware, that tenant was required to reside in the premises. In the absence of evidentiary support, tenant’s conclusory assertions fail to demonstrate a misrepresentation in the petition (cf. Garal Wholesalers, Ltd. v Raven *45 Brands, Inc., 82 AD3d 1041 [2011]; Newsday, Inc. v Exotic & Unique Cars, Inc., 33 Misc 3d 140[A], 2011 NY Slip Op 52135[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). In any event, they are flatly refuted by landlord’s submissions, which show that the premises were rented solely for commercial purposes, and that landlord had no knowledge that tenant resided in the premises. The majority’s decision to reject these submissions in favor of tenant’s unsubstantiated allegations, without a hearing, is a blatant abuse of its discretion, especially where tenant’s allegations of misrepresentation are being raised for the first time on appeal. In my opinion, landlord’s submissions, at the very least, raise an issue of fact as to whether the premises were residential or commercial, precluding dismissal of the petition (see Marbru Assoc. v Kaplan, 148 AD2d 394 [1989]).
Accordingly, I respectfully dissent and vote to affirm the order.
Pesce and Aliotta, JJ., concur; Weston, J.E, dissents in a separate memorandum.