Bayview Loan Servicing, LLC, Respondent,
against
Lyn-Jay, Inc., Occupant, MAURICE JOHNSON, Appellant, -and- "JOHN DOES #1-5" and "JANE DOES #1-5", Undertenants.



Appeal from a final judgment of the Civil Court of the City of New York, Queens County (Terrence C. O'Connor, J.), entered February 27, 2015. The final judgment, insofar as appealed from, entered upon the failure of occupant Maurice Johnson to make a court-ordered payment, awarded petitioner possession and the sum of $10,800 as against occupant Maurice Johnson in a summary proceeding commenced pursuant to RPAPL 713 (5).




ORDERED that the final judgment, insofar as appealed from, is reversed, without costs, and the matter is remitted to the Civil Court for the entry of a final judgment dismissing so much of the petition as is against occupant Maurice Johnson.
Petitioner commenced this summary proceeding in the commercial landlord-tenant part of the Civil Court seeking to recover possession of a building at 200-09 Murdock Avenue, Saint Albans, NY, after serving a 10-day notice to quit, pursuant to RPAPL 713 (5), and a copy of a bargain and sale deed. Only Maurice Johnson (occupant) appeared. Following occupant's failure to make a court-ordered deposit, the Civil Court entered a final judgment awarding landlord possession and the sum of $10,800. Occupant appeals from so much of the final judgment as awarded landlord possession and the sum of $10,800 as against him.
The record includes a certified deed showing that the premises consists of a store and a residential apartment. Under these circumstances, the commercial landlord-tenant part could not entertain the proceeding, inasmuch as it sought, in part, the recovery of a residential premises (see 32-05 Newtown Ave. Assoc., LLC v Caguana, 48 Misc 3d 141[A], 2015 NY Slip Op 51247[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Artykova v Avramenko, 37 Misc 3d 42 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]) and petitioner was required [*2]to commence separate proceedings to recover the commercial and residential premises (see First Cent. Sav. Bank v Yglesia, 37 Misc 3d 130[A], 2012 NY Slip Op 51969[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]; City of New York v Mortel, 161 Misc 2d 681 [App Term, 2d Dept, 2d & 11th Jud Dists 1994]).
Moreover, even if the court could entertain the proceeding, we would still reverse so much of the final judgment as is against occupant and dismiss so much of the petition as is against him. A proper 10-day notice to quit is a necessary predicate to a summary proceeding based upon RPAPL 713. "It is elementary that the predicate notice cannot be amended and that [a petitioner] is bound by the notice served" (Singh v Ramirez, 20 Misc 3d 142[A], 2008 NY Slip Op 51680[U], *1 [App Term, 2d Dept, 2nd & 11th Jud Dists 2008] [internal quotation marks and citations omitted]; see Chinatown Apts. v Chu Cho Lam, 51 NY2d 786 [1980]). "Where a defective predicate notice has been served, the proceeding based thereon falls with the defective notice" (Rudolph de Winter and Larry M. Loeb, Practice Commentaries, McKinney's Cons Laws of NY, Book 49 ½, RPAPL 713 at 376). 
Here, the 10-day notice to quit states that it was served pursuant to RPAPL 713 (5). A summary proceeding may be maintained pursuant to RPAPL 713 (5) where "the property has been sold in foreclosure and either the deed delivered pursuant to such sale, or a copy of such deed, certified as provided in the civil practice law and rules, has been exhibited to [the respondent]." The instant petition fails to contain allegations that the property had been sold in foreclosure and that the deed, annexed to the petition and alleged to have been served on occupant, was delivered pursuant to such a sale. Rather, the deed annexed to the petition is a bargain and sale deed that had been executed by the corporate occupant's president as grantor. Thus, the 10-day notice was not a proper predicate for this proceeding.
Accordingly, the final judgment, insofar as appealed from, is reversed and the matter is remitted to the Civil Court for the entry of a final judgment dismissing so much of the petition as is against occupant Maurice Johnson.
Elliot, J.P., Pesce and Solomon, JJ., concur.
Decision Date: January 25, 2017