## 288 Willoughby Holdings LLC v York

2025 NY Slip Op 34055(U)

October 30, 2025

Civil Court of the City of New York, Kings County

Docket Number: Index No. LT-311733-25/KI

Judge: Lauren L. Esposito

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS: PART 52

------------------------------------------------------------------x

288 WILLOUGHBY HOLDINGS LLC,                           Index No. LT-311733-25/KI

                            Petitioner,

     -against-                                                   **INTERIM DECISION & ORDER**
                                        **Mot. Seq. No. 002**

ADAM YORK,

                      Respondent.            Present: Hon. Lauren L. Esposito, JCC

------------------------------------------------------------------x

Recitation of the papers considered in reviewing the underlying motion as required by CPLR 2219(a):

| Mot. Seq. No. 2 Papers | Numbered |
|---|---|
| Respondent's Notice of Motion, Affs. In Support, with Exhibits | NYSCEF Docs. Nos. 14 – 24 |
| Petitioner's Affs. In Opposition, with Exhibits | NYSCEF Docs. Nos. 28 – 31 |

      In April 2025 the petitioner 288 Willoughby Holdings LLC (the petitioner) commenced this holdover proceeding in the commercial landlord-tenant part against the respondent Adam York (the respondent) seeking possession of "all rooms, 1,100 sq foot basement storage room at the rear of the building, 288 Willoughby Avenue, Brooklyn, New York 11205" (the premises). The respondent appeared by counsel and filed an attorney answer asserting various defenses as well as counterclaims against the petitioner.

      Currently before the court is the respondent's motion pursuant to CPLR 3212[b] for summary judgment seeking dismissal because this court lacks jurisdiction over premises used for residential purposes and pursuant to CPLR 3211[a][8] to dismiss the proceeding for improper service. The petitioner filed opposition. On September 22, 2025 the parties appeared by counsel. The court heard argument on the motion, marked the motion submitted, and reserved decision. For the reasons that follow, the motion is granted and this proceeding is dismissed.

## DISCUSSION

      Pursuant to CPLR 3212[b], a motion for summary judgment "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party" (CPLR 3212[b]; see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). A party seeking summary judgment "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Zuckerman v City of New York, 49 NY2d at 562; Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404 [1957]). Only upon this showing does the burden shift to the opposing party to produce evidentiary proof in admissible form sufficient to establish the existence of triable issues of fact (Zuckerman v City of New York, 49 NY2d at 562). Summary judgment is a drastic remedy and must be denied if there is any doubt as to the existence of a triable issue of material fact (Rotuba Extruders, Inc. v Ceppos, 46 NY2d 223, 231 [1978]).

      The respondent's motion for summary judgment seeks dismissal of the proceeding contending it was improperly brought in the commercial landlord-tenant part of this court because the respondent resides at the premises with the knowledge of the petitioner. The commercial landlord-tenant court lacks jurisdiction when a commercial space is used for residential purposes

[* 1]

with the knowledge and acquiescence of the landlord; instead such cases must be brought in the Housing Part (see Artykova v Avramenko, 37 Misc 3d 42, 43-44 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012][holding the proceeding commenced in the commercial landlord-tenant part should have been dismissed where the landlord did not deny knowing the residential nature of the occupancy, due to the "misrepresentation in the petition as to the nature of the occupancy (see CPLR 5015[a][3]) and the strong legislative policy that all summary proceedings to recover residential premises be commenced in the Housing Part"]; U.B.O. Realty Corp. v Mollica, 257 AD2d 460 [1st Dept 1999] [affirming dismissal of a proceeding because the landlord knew of or acquiesced in the tenant's residential use of the premises despite the commercial nature of the lease]; Freeman St. Props., LLC v Coirolo, 17 Misc 3d 137[A] [App Term, 2d Dept, 2d & 11th Jud Dists 2007] [granting tenant's motion for summary judgment and dismissing the matter as improperly brought in the commercial part after the tenant "overwhelmingly established" that the landlord "knew of, and acquiesced in, the residential use of the subject apartment"]; see also 22 NYCRR § 208.42[a] ["Such proceedings involving residential property shall be commenced in the housing part"]).

In support of his motion, the respondent submits an affidavit in which he states that he rented the premises for residential purposes beginning in August 2022, that the premises were never used as commercial space, and that he has only ever used the premises as a residence. Although he provides no lease agreement, the respondent states that the original lease he received was a residential lease. The respondent further states that the premises has a bathroom and full kitchen and that there is no signage to indicate that it is a commercial space. He also states he did not know that the premises were only permitted to be used as storage space by the building's Certificate of Occupancy and provides a copy of the building's Certificate and Occupancy that lists the use of the building's cellar as "accessory uses, and storage," (NYSCEF Docs. No. 15 & 22). Also attached to the respondent's motion is a NYC Department of Buildings (DOB) Complaint dated September 23, 2024 that lists the disposition as "partial vacate order issued" after "observed work done to create a Class "A" apartment dwelling unit in the cellar." (NYSCEF Docs. No. 21 – 23). He explains that the DOB posted a partial vacate order on his door and that he informed the petitioner's agent Hershel Silberstein about the vacate order and he brushed it off telling him not to worry, he would take care of it and that the respondent should keep paying rent.

The court finds that the respondent's motion established his prima facie burden that this proceeding should be dismissed because this court lacks jurisdiction because the premises has been used as a residence with the knowledge of the petitioner. The respondent's affirmation states he has only ever used the premises as a residence. He also states that the petitioner had knowledge that the premises was used as a residence. Not only does the respondent attach a DOB complaint stating that the DOB issued a vacate order because the premises was used as a residence, contrary to the certificate of occupancy, the respondent also avers that after receiving the DOB vacate order for that reason he informed Hershel Silberstein, the petitioner's agent, about it.

In opposition the petitioner submitted an affidavit of its agent Hershel Silberstein that does not rebut that he knew that the respondent used the premises as a residence. Instead, Silberstein avers that in April 2024 on behalf of the petitioner he entered into a one-year commercial lease agreement with the respondent to lease the "basement storage space" and that the respondent was to use the space as an office (NYSCEF Doc. No. 29). He states that the lease is a commercial lease and that it explicitly states that the premises are not to be used for residential purposes. Attached to the petitioner's opposition is a copy of a "Commercial Lease" between the parties dated April

[* 2]

1, 2024, as well as a copy of the building's Certificate of Occupancy (NYSCEF Docs. No. 30 and 31).[1] However, a commercial lease agreement does not create a triable issue of fact or establish that this court has jurisdiction (see Amush Enterprises, LLC v Wallace, 47 Misc 3d 154(A) [App Term, 1st Dept 2015] ["Despite the commercial nature of the written lease agreement, the limited record so-far developed raises triable issues as to whether petitioner knew or acquiesced in respondents' residential use of the demised premises"]; 379 E. 10th St., LLC v Miller, 23 Misc 3d 137(A) [App Term, 1st Dept 2009][vacating trial court's issuance of final judgment in favor of the landlord and instead dismissing the petition reasoning "[d]espite the commercial nature of the parties' written lease agreement, the hearing evidence compels the conclusion that petitioner landlord knew or acquiesced in the tenant's residential use of the demised cellar premises" and noting that the landlord produced "no witness with personal knowledge to contest the duration and character of the tenant's residential occupancy"]). Nor is the petitioner's submission of the building's certificate of occupancy stating that the premises is to be used for accessory uses and storage sufficient to create an issue of fact. The fact at issue here is whether the respondent resides in the premises with the knowledge and acquiescence of the petitioner, not the allowable use of the premises. Accordingly, as the respondent established he resides in the premises with the knowledge of the petitioner, and the petitioner's opposition created no issue of fact, instead petitioner did not contest that it knew the petitioner resides in the premises, the court grants the branch of the respondent's motion seeking dismissal of the proceeding because the commercial landlord-tenant part lacks jurisdiction over this proceeding.

In light of the above, the court need not reach the branch of the respondent's motion concerning service.

Based on the foregoing, it is hereby,

**ORDERED** that the branch of the respondent's motion for summary judgment is granted, the petition is denied, and the proceeding is dismissed.

The clerk is directed to upload a copy of this decision and order to NYSCEF.

This constitutes the decision and order of the court.

Date:   October 30, 2025
        Brooklyn, NY                                              Hon. Lauren L. Esposito, J.C.C.

---

[1] At oral argument the respondent's counsel contended that this is a forged lease.

[* 3]