■ IMMIGRATION SERVICES FOR NEW AMERICANS, Doing Business as EASY LEASING, Respondent, v ILYA MONCHAS et al., Appellants. [10 NYS3d 456]—In an action to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Kings County (Bunyan, J.), dated March 12, 2014, which denied their motion pursuant to CPLR 5015 (a) (1) to vacate a judgment of the same court dated June 18, 2013, entered upon their failure to appear or answer, and for leave to serve a late answer.

Ordered that the order is affirmed, with costs.

To vacate the judgment entered upon their default in appearing in this action, the defendants were required to demonstrate a reasonable excuse for their default and a potentially meritorious defense to the action (*see Stephan B. Gleich & Assoc. v Gritsipis*, 87 AD3d 216, 221 [2011]; *Cuzzo v Cuzzo*, 65 AD3d 1274 [2009]; *Verde Elec. Corp. v Federal Ins. Co.*, 50 AD3d 672, 672-673 [2008]). The bare and unsupported allegations of the defendant Ilya Monchas, who was also the president of the defendant Brooklyn Style Leasing, Inc., that he relied on the erroneous legal advice of an unidentified person in deciding not to do anything in response to the summons with notice, were

insufficient to demonstrate a reasonable excuse for the default in appearing in this action and for the subsequent 2½-month delay in moving to vacate the default judgment (*see Garal Wholesalers, Ltd. v Raven Brands, Inc.*, 82 AD3d 1041, 1042 [2011]; *Yao Ping Tang v Grand Estate, LLC*, 77 AD3d 822, 823 [2010]; *Awad v Severino*, 122 AD2d 242 [1986]; *Passalacqua v Banat*, 103 AD2d 769 [1984]). As the defendants failed to demonstrate a reasonable excuse for their default, we need not address whether they established the existence of a potentially meritorious defense (*see Dorrer v Berry*, 37 AD3d 519, 520 [2007]; *Hegarty v Ballee*, 18 AD3d 706, 707 [2005]).

The defendants' remaining contentions that the plaintiff failed to comply with the requirements of CPLR 3215 (f) and (g) (3) are not properly before this Court (*see Wilson v Galicia Contr. & Restoration Corp.*, 10 NY3d 827, 829-830 [2008]). Dillon, J.P., Leventhal, Roman, Sgroi and Hinds-Radix, JJ., concur.