In an action to recover damages for medical malpractice, and wrongful death, the defendant Orin H. Pearce appeals from an order of the Supreme Court, Kings County (Weston, J.), dated June 30, 2014, which denied his motion pursuant to CPLR 5015 (a) to vacate an order of the same court dated March 28, 2014, granting the plaintiff’s unopposed motion for leave to enter a default judgment against him on the issue of liability, upon his failure to appear or answer, and setting the matter down for an inquest on the issue of damages, to stay the inquest, to restore the case to the calendar, and to deem his proposed answer served.
Ordered that the order dated June 30, 2014, is affirmed, with costs.
Pursuant to CPLR 5015 (a), upon motion, a court may relieve a party from the terms of a judgment or order upon the ground of excusable default (see CPLR 5015 [a] [1]; Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]). A defendant seeking to *904 vacate a default must demonstrate both a reasonable excuse for the default and a potentially meritorious defense (Blazo v Wyckoff Hgts. Med. Ctr., 125 AD3d 705, 705 [2015]; see Matter of Li Wong v Fen Liu, 121 AD3d 692, 693 [2014]; New York Hosp. Med. Ctr. of Queens v Nationwide Mut. Ins. Co., 120 AD3d 1322, 1323 [2014]; Braynin v Dunleavy, 109 AD3d 571, 571 [2013]). The determination of what constitutes a reasonable excuse is generally left to the sound discretion of the motion court (see Apladenaki v Greenpoint Mtge. Funding, Inc., 117 AD3d 975, 976 [2014]; Infante v Breslin Realty Dev. Corp., 95 AD3d 1075, 1076 [2012]; Dokaj v Ruxton Tower Ltd. Partnership, 91 AD3d 812, 814 [2012]).
Here, the appellant’s allegation that he relied upon statements allegedly made by the decedent’s mother, who was not a party to the action, that he was named as a defendant as a mere formality, and that the action was being discontinued insofar as asserted against him, was insufficient to demonstrate a reasonable excuse for his default in answering the complaint or appearing in this action for more than a year after the complaint had been served. The appellant failed to take any action to respond to the complaint until after the plaintiff had moved for and obtained a default against him, despite receiving the summons and complaint, a letter from the plaintiff’s counsel warning him that his failure to answer or appear would result in motion practice seeking leave to enter a default judgment against him, and the plaintiff’s subsequent motion for leave to enter a default judgment (see Immigration Servs. for New Ams. v Monchas, 129 AD3d 913 [2d Dept 2015]; Trepel v Greenman-Pedersen, Inc., 99 AD3d 789, 791 [2012]; see also Garal Wholesalers, Ltd. v Raven Brands, Inc., 82 AD3d 1041 [2011]).
In the light of the appellant’s failure to demonstrate a reasonable excuse for his default, it is unnecessary to address whether he established a potentially meritorious defense (see Immigration Servs. for New Ams. v Monchas, 129 AD3d 913 [2015]; Kim v S&M Caterers, Inc., 112 AD3d 581 [2013]; Maida v Lessing’s Rest. Servs., Inc., 80 AD3d 732, 733 [2011]; Abdul v Hirschfield, 71 AD3d 707, 708-709 [2010]). Skelos, J.P., Hall, Austin and Sgroi, JJ., concur.