Auburn Realty, LLC v Surujdyal (2020 NY Slip Op 02754)





Auburn Realty, LLC v Surujdyal


2020 NY Slip Op 02754


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2019-00619
 (Index No. 703992/18)

[*1]Auburn Realty, LLC, et al., respondents,
v
Rupnarain Surujdyal, appellant.


Stern & Stern, Brooklyn, NY (Lawrence M. Stern of counsel), for appellant.
Jules A. Epstein, P.C., Jericho, NY, for respondents.



DECISION & ORDER
In an action, inter alia, for a permanent injunction, the defendant appeals from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered December 11, 2018. The order, insofar as appealed from, denied that branch of the defendant's motion which was to vacate a judgment of the same court entered June 29, 2018, upon his default in appearing or answering the complaint.
ORDERED that the order entered December 11, 2018, is affirmed insofar as appealed from, with costs.
The plaintiffs had an easement that dated back to 1913 for a right of way across the defendant's property. In 2017, the defendant installed a barrier across a portion of his land, which obstructed the plaintiffs' right of way and blocked access to their driveway. The plaintiffs commenced this action, inter alia, to permanently enjoin the defendant's obstruction of their right of way.
The plaintiffs moved for leave to enter a default judgment because the defendant failed to appear or answer, the Supreme Court granted the motion, and a judgment was entered upon the defendant's default on June 29, 2018. Thereafter, the defendant moved, inter alia, to vacate the default judgment. The court denied that branch of the defendant's motion, and the defendant appeals.
Under CPLR 5015(a), a party may be relieved from a judgment on the ground of, among others, "excusable default" (CPLR 5015[a][1]). "A defendant seeking to vacate a default under this provision must demonstrate a reasonable excuse for its delay in appearing and answering the complaint and a meritorious defense to the action" (Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141). "It is within the discretion of the Supreme Court, in the interest of justice, to excuse default resulting from law office failure" (Weekes v Karayianakis, 304 AD2d 561, 562). Such a "claim of law office failure should be supported by a detailed and credible explanation of the default at issue, and conclusory and unsubstantiated claims of law office failure are insufficient" (Byers v Winthrop Univ. Hosp., 100 AD3d 817, 818 [citations and internal quotation marks omitted]).
Here, the undetailed and uncorroborated claim of law office failure set forth by the defendant's attorney did not amount to a justifiable excuse for the failure to appear or answer (id. at 818; Wells Fargo Bank, N.A. v Cervini, 84 AD3d 789, 790). Since the defendant failed to demonstrate a reasonable excuse for his default, it is unnecessary to determine whether he demonstrated the existence of a potentially meritorious defense (see Wells Faro Bank, N.A. v Cervini, 84 AD3d at 790).
Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was to vacate the default judgment.
AUSTIN, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court