Milky Way Acupuncture, P.C. v Allstate Ins. Co. (2020 NY Slip Op
50935(U))

[*1]

Milky Way Acupuncture, P.C. v Allstate Ins. Co.

2020 NY Slip Op 50935(U) [68 Misc 3d 128(A)]

Decided on August 7, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 7, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2018-1353 K C

Milky Way Acupuncture, P.C., as Assignee
of Paulino, Elvin Veras, Appellant,
against
Allstate Insurance Company, Respondent.

The Rybak Firm, PLLC (Damin J. Toell and Karina Barska of counsel), for appellant.
Law Offices of Peter C. Merani, P.C. (Adam Waknine and Samuel Kamara of counsel), for
respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Joy F.
Campanelli, J.), entered March 2, 2018. The order, insofar as appealed from and as limited by the
brief, granted the branches of defendant's motion seeking to vacate a judgment of that court
entered October 19, 2016 upon defendant's failure to appear or answer the complaint, and to
compel plaintiff to accept defendant's answer.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and the
branches of defendant's motion seeking to vacate the default judgment and to compel plaintiff to
accept defendant's answer are denied.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals,
as limited by the brief, from so much of an order of the Civil Court as granted the branches of
defendant's motion seeking to vacate a judgment of that court entered October 19, 2016 upon
defendant's failure to appear or answer the complaint, and to compel plaintiff to accept
defendant's answer. 
The process server's affidavits constituted prima facie evidence of proper service of process
upon defendant pursuant to CPLR 311 (a) (1), by serving general agents of defendant authorized
to accept service on its behalf (see
Hayden v Southern Wine & Spirits of Upstate NY, Inc., 126 AD3d 673 [2015];
Teitelbaum v North Shore-Long Is. Jewish Health Sys., Inc., 123 [*2]AD3d 1006 [2014]; Indymac Fed. Bank FSB v Quattrochi, 99 AD3d 763 [2012]; Santomauro v Allstate Ins. Co., 64
Misc 3d 149[A], 2019 NY Slip Op 51413[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2019]).
A defendant seeking to vacate a default judgment pursuant to CPLR 5015 (a) (1) must
demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the
action (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., Inc., 67 NY2d 138, 141
[1986]; Progressive Cas. Ins. Co. v
Excel Prods., Inc., 171 AD3d 812 [2019]; Westchester Med. Ctr. v Allstate Ins. Co., 80 AD3d 695 [2011]).
For the reasons stated in Santomauro (64 Misc 3d 149[A], 2019 NY Slip Op 51413[U]),
we find that the affidavit submitted by defendant's employee in support of defendant's motion,
which is virtually identical to that submitted in Santomauro, was insufficient to establish
an excusable default (see also Renelique
v Allstate Ins. Co., 67 Misc 3d 128[A], 2020 NY Slip Op 50401[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2020]; Pierre J. Renelique Physician, P.C. v Allstate Ins. Co., 64 Misc 3d
98 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; Aminov v Allstate Ins. Co., 62 Misc 3d
139[A], 2019 NY Slip Op 50056[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2019]).
Accordingly, the order, insofar as appealed from, is reversed and the branches of defendant's
motion seeking to vacate the default judgment and to compel plaintiff to accept defendant's
answer are denied.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 7, 2020