Blackman v 21st Century Ins. Co. (2021 NY Slip Op 50771(U))

[*1]

Blackman v 21st Century Ins. Co.

2021 NY Slip Op 50771(U) [72 Misc 3d 138(A)]

Decided on July 30, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 30, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2020-151 K C

Noel E. Blackman, M.D., as Assignee of
Barnes, Omari, Appellant, 
against
21st Century Insurance Company, Respondent.

The Rybak Firm, PLLC (Damin J. Toell and Karina Barska of counsel), for appellant.
Law Offices of Buratti, Rothenberg & Burns (Konstantinos Tsirkas of counsel), for
respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Rosemarie
Montalbano, J.), dated September 18, 2019. The order granted defendant's motion for summary
judgment dismissing the complaint.

ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant 21st
Century Insurance Company (21st Century) moved for summary judgment dismissing the
complaint. In support of its motion, 21st Century submitted an order that had been entered on
November 28, 2017 in a Supreme Court declaratory judgment action, which granted a motion
brought by 21st Century, among other insurers, seeking a default judgment against the present
plaintiff, among other providers. The annexed order found specifically that 21st Century and the
other insurers were entitled to a default judgment on liability against the providers, but did not
declare the rights of the parties. Plaintiff opposed defendant's motion in the Civil Court. By order
entered September 18, 2019, the Civil Court granted defendant's motion for summary judgment
dismissing the complaint based upon a declaratory judgment that was entered in the Supreme
Court on February 22, 2018 pursuant to the November 28, 2017 order. In response to the instant
appeal by plaintiff, 21st Century submits the declaratory judgment, which declared, among other
things, that 21st Century has no duty to pay any no-fault benefits to Noel E. Blackman in any
current or future proceeding, because the provider is ineligible to collect no-fault benefits.
A court "may in general take judicial notice of matters of public record" (Headley v New York City Tr. Auth.,
100 AD3d 700, 701 [2012]; see
Matter of Oak Tree Realty Co., LLC v Board of Assessors, 71 AD3d 1027 [2010];
Kingsbrook Jewish Med. Ctr. v Allstate Ins. Co., 61 [*2]AD3d 13 [2009]). In light of the Supreme Court's declaratory
judgment, of which we take judicial notice, we find no basis to disturb the Civil Court's order
granting defendant's motion for summary judgment dismissing the complaint under the doctrine
of res judicata (see Wave Med. Servs.,
P.C. v Farmers New Century Ins. Co., 67 Misc 3d 137[A], 2020 NY Slip Op 50555[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]; Healing Art Acupuncture, P.C. v 21st Century Ins. Co., 59 Misc 3d
139[A], 2018 NY Slip Op 50583[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2018]; EBM Med. Health Care, P.C. v
Republic W. Ins., 38 Misc 3d 1, 3 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2012]), as any judgment in favor of plaintiff in the present action would destroy or impair rights
or interests established by the judgment in the declaratory judgment action (see Schuylkill
Fuel Corp. v Nieberg Realty Corp., 250 NY 304, 306-307 [1929]; Flushing Traditional
Acupuncture, P.C. v Kemper Ins. Co., 42 Misc 3d 133[A], 2014 NY Slip Op 50052[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). In view of the foregoing, we reach no
other issue.
Accordingly, the order is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 30, 2021