Ahava Med. Diagnostic, P.C. v Hertz Co. (2021 NY Slip Op 50772(U))

[*1]

Ahava Med. Diagnostic, P.C. v Hertz Co.

2021 NY Slip Op 50772(U) [72 Misc 3d 138(A)]

Decided on July 30, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 30, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, J.P., MICHELLE WESTON, DAVID ELLIOT, JJ

2020-179 K C

Ahava Medical Diagnostic, P.C., as
Assignee of Amiri, Behzad, Respondent,
against
Hertz Co., Appellant. 

Rubin, Fiorella, Friedman & Mercante, LLP (Sarah V. Cohenson of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell and Karina Barska of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Jill R.
Epstein, J.), entered November 8, 2019. The order denied defendant's motion to vacate a
judgment of that court entered November 1, 2018 upon defendant's failure to appear or answer
the complaint.

ORDERED that the order is affirmed, with $25 costs. 
In this action by a provider to recover assigned first-party no-fault benefits, it is undisputed
that defendant failed to appear or answer the complaint. The Civil Court granted plaintiff's
motion for a default judgment, and a default judgment was entered on November 1, 2018.
Thereafter, defendant moved, insofar as is relevant to this appeal, to vacate the default judgment,
and plaintiff opposed the motion. By order entered November 8, 2019, the Civil Court denied
defendant's motion.
A defendant seeking to vacate a default judgment pursuant to CPLR 5015 (a) (1) must
demonstrate both a reasonable excuse for the default and the existence of a potentially
meritorious defense to the action (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.,
67 NY2d 138, 141 [1986]). While defendant argues on appeal that it demonstrated the existence
of a potentially meritorious defense, we need not reach that issue because, as plaintiff argues, the
papers submitted by defendant's claim representative in support of the motion did not provide a
sufficiently detailed explanation of the inadvertent office failure that allegedly caused the default
(see Auburn Realty, LLC v
Surujdyal, 183 AD3d 682 [2020]; Herrera v MTA Bus Co., 100 AD3d 962 [2012]). Indeed, absent
from defendant's papers was an affidavit by the person responsible for the office failure or any
explanation as to why such affidavit was not provided (see Pierre J. Renelique Physician, P.C. v Allstate Ins. Co., 64 Misc 3d
98, 100 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). Consequently, it is
unnecessary to determine whether defendant [*2]demonstrated
the existence of a potentially meritorious defense to the action (see Wells Fargo Bank, N.A. v Syed,
160 AD3d 914 [2018]; Scott v Ward,130 AD3d 903 [2015]; Vardaros v Zapas, 105 AD3d 1037
[2013]).
Accordingly, the order is affirmed.
TOUSSAINT, J.P., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 30, 2021