Hingorani v Venus Enters. 11 Corp. (2022 NY Slip Op 05206)

Hingorani v Venus Enters. 11 Corp.

2022 NY Slip Op 05206

Decided on September 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.

2020-01625
 (Index No. 712119/17)

[*1]Narain Nanik Hingorani, respondent, 
v
Venus Enterprises 11 Corporation, et al., appellants.

Anil K. Arora, Monsey, NY, for appellants.

DECISION & ORDER
In an action, inter alia, to recover damages for fraudulent misrepresentation, the defendants appeal from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered November 20, 2019. The order, insofar as appealed from, denied the defendants' cross motion pursuant to CPLR 2004 and 3012(d) to compel the plaintiff to accept their late answer.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
On August 28, 2015, the plaintiff commenced this action, alleging, among other things, that the defendant Balram Nanik Hingorani forged the plaintiff's signature in order to open accounts, including a bank account, in the plaintiff's name, used the accounts for the benefit of Hingorani and of the defendant Venus Enterprises 11 Corporation, sold securities belonging to the plaintiff, borrowed money from the plaintiff's life insurance policy, and obtained credit cards in the plaintiff's name and used them for the benefit of Hingorani and Venus Enterprises 11 Corporation. The plaintiff asserted causes of action sounding in fraudulent misrepresentation, unjust enrichment, and defamation. The defendants failed to timely answer the complaint.
On April 25, 2019, the plaintiff moved for leave to enter a default judgment on the issue of liability and to set the matter down for an inquest on the issue of damages. On May 10, 2019, the defendants cross-moved pursuant to CPLR 2004 and 3012(d) to compel the plaintiff to accept their late answer. By order entered November 20, 2019, the Supreme Court denied the plaintiff's motion and denied the defendants' cross motion. The court determined, inter alia, that the defendants' excuse for their failure to timely answer the complaint based upon law office failure was "unsubstantiated, conclusory and inadequately explained" and that the "alleged mistake" was part of a pattern of repeated neglect. The defendants appeal from so much of the order as denied their cross motion.
"In light of the public policy favoring the resolution of cases on their merits, the Supreme Court may compel a plaintiff to accept an untimely answer where the record demonstrates that there was only a short delay in appearing or answering the complaint, that there was no willfulness on the part of the defendant, that there would be no prejudice to the plaintiff, and that a potentially meritorious defense exists" (Yongjie Xu v JJW Enterps., Inc., 149 AD3d 1146, 1147 [citation omitted]). "To compel the plaintiff to accept an untimely answer as timely, a defendant must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense [*2]to the action" (HSBC Bank USA, N.A. v Lafazan, 115 AD3d 647, 648 [internal quotation marks omitted]). "Although the determination of what constitutes a reasonable excuse lies within the trial court's discretion, and the court has the discretion to accept law office failure as a reasonable excuse, a pattern of willful default and neglect should not be excused, and the claim of law office failure should be supported by a detailed and credible explanation of the default or defaults at issue" (Campbell-Jarvis v Alves, 68 AD3d 701, 702 [citations and internal quotation marks omitted]). Where the defendant fails to demonstrate a reasonable excuse for the default, the court need not consider whether a potentially meritorious defense was offered (see Wilmington Trust, N.A. v Ashe, 189 AD3d 1130, 1131).
Here, the defendants failed to demonstrate a reasonable excuse for their default in answering, which was part of a pattern of willful default and neglect (see Bazoyah v Herschitz, 79 AD3d 1081; Star Indus., Inc. v Innovative Beverages, Inc., 55 AD3d 903). Therefore, it is unnecessary to consider whether they sufficiently demonstrated the existence of a potentially meritorious defense (see HSBC Bank USA, N.A. v Lafazan, 115 AD3d at 648).
Accordingly, the Supreme Court properly denied the defendants' cross motion pursuant to CPLR 2004 and 3012(d) to compel the plaintiff to accept their late answer.
DILLON, J.P., DUFFY, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court