Rudsky v Schechtman (2023 NY Slip Op 04677)

Rudsky v Schechtman

2023 NY Slip Op 04677

Decided on September 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2022-02428
 (Index No. 507284/18)

[*1]Rita Rudsky, appellant,
v
Dennis Schechtman, et al., respondents, et al., defendant.

Law Office of Yuriy Prakhin, P.C., Brooklyn, NY (Gil Zohar and Simon Q. Ramone of counsel), for appellant.
Gannon, Rosenfarb & Drossman, New York, NY (Lisa L. Gokhulsingh of counsel), for respondents Dennis Schectman and Doobie Realty Corp.
Devitt Spellman Barrett, LLP, Smithtown, NY (Christi Marie Kunzig of counsel), for respondents Yakov Khaytin and Yakov Khaytin, D.D.S.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated February 24, 2022. The order denied the plaintiff's motion to vacate an order of the same court dated June 14, 2021, granting the motion of the defendants Dennis Schechtman and Doobie Realty Corp. for summary judgment dismissing the complaint insofar as asserted against them, upon the plaintiff's failure to appear for oral argument, and to vacate an order of the same court dated June 15, 2021, granting the motion of the defendants Yakov Khaytin and Yakov Khaytin, D.D.S., for summary judgment dismissing the complaint insofar as asserted against them, upon the plaintiff's failure to appear for oral argument.
ORDERED that the order dated February 24, 2022, is affirmed, with one bill of costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she tripped and fell on a misleveled sidewalk flag in Brooklyn. The defendants Yakov Khaytin and Yakov Khaytin, D.D.S. (hereinafter together the Khaytin defendants), moved for summary judgment dismissing the complaint insofar as asserted against them. The defendants David Schechtman and Doobie Realty Corp. (hereinafter together the Doobie defendants) separately moved for summary judgment dismissing the complaint insofar as asserted against them. [*2]The Supreme Court scheduled oral argument on the motions for June 9, 2021. Counsel for the Khaytin defendants and the Doobie defendants appeared on that date, but counsel for the plaintiff did not.
In an order dated June 14, 2021, the Supreme Court granted, upon the plaintiff's failure to appeal for oral argument, the Doobie defendants' motion. In an order dated June 15, 2021, the court granted, upon that failure to appear, the Khaytin defendants' motion.
The plaintiff moved to vacate the order dated June 14, 2021, and the order dated June 15, 2021. The Doobie defendants opposed that branch of the plaintiff's motion which was to vacate the order dated June 14, 2021. The Khaytin defendants opposed that branch of the plaintiff's motion which was to vacate the order dated June 15, 2021. In an order dated February 24, 2022, the Supreme Court denied the motion. The plaintiff appeals.
To vacate her default in appearing for oral argument, the plaintiff was required to demonstrate a reasonable excuse for her default and a potentially meritorious opposition to each motion (see CPLR 5015[a][1]; Codrington v Churcher, 209 AD3d 626, 627; Horio Realty Corp. v Hunts Point Flower Mkt., Inc., 181 AD3d 571, 572). Whether an excuse is reasonable is a determination within the sound discretion of the court (see Ki Tae Kim v Bishop, 156 AD3d 776, 777; Young Su Hwangbo v Nastro, 153 AD3d 963, 965), and the court has the discretion to accept law office failure as a reasonable excuse (see CPLR 2005) where that claim is supported by a detailed and credible explanation of the default at issue (see Sarcona v J & J Air Container Sta., Inc., 111 AD3d 914, 915; Swensen v MV Transp., Inc., 89 AD3d 924, 925). "Law office failure should not be excused where a default results not from an isolated, inadvertent mistake, but from repeated neglect" (GMAC Mtge., LLC v Guccione, 127 AD3d 1136, 1138; see Glukhman v Bay 49th St. Condominium, LLC, 100 AD3d 594, 595).
Here, the plaintiff failed to demonstrate a reasonable excuse for her default. The excuse proffered by the plaintiff's counsel, that he had notice of the new part rules for the motion court, but "failed to observe that the new rules required the parties to check e-courts for appearance dates," and as a consequence "failed to appear for oral argument because counsel was unaware that it had been scheduled," was unreasonable under the circumstances (see Lee v Latendorf, 162 AD3d 1002, 1003; Francis v Long Is. Coll. Hosp., 45 AD3d 529, 530). Moreover, the default at issue was not an isolated incident, as the plaintiff's counsel also failed to set forth any excuse for the prior failure to submit timely opposition to the Khaytin defendants' motion or to appear on the prior return date of the motion, which had resulted in a prior default order that was later vacated (see Lee v Latendorf, 162 AD3d at 1003; Ki Tae Kim v Bishop, 156 AD3d at 776-777).
In light of the foregoing, we need not consider whether the plaintiff demonstrated a potentially meritorious opposition to the Khaytin defendants' and Doobie defendants' separate motions for summary judgment (see Redding v JQ III Assoc., LLC, 204 AD3d 849; Chowdhury v Weldon, 185 AD3d 649, 650; Nationstar Mtge., LLC v Ramnarine, 172 AD3d 886, 887).
Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion to vacate the orders dated June 14, 2021, and June 15, 2021.
DUFFY, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court