Matter of New York Civ. Liberties Union v Fire Dept. of the City of N.Y. (2025 NY Slip Op 03193)

Matter of New York Civ. Liberties Union v Fire Dept. of the City of N.Y.

2025 NY Slip Op 03193

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2024-03452
 (Index No. 506407/22)

[*1]In the Matter of New York Civil Liberties Union, respondent, 
v
Fire Department of the City of New York, appellant.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Claude S. Platton and Jonathan Schoepp-Wong of counsel), for appellant.
New York Civil Liberties Union Foundation, New York, NY (Guadalupe Aguirre and Robert Hodgson of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6), the Fire Department of the City of New York appeals from an order of the Supreme Court, Kings County (Joy F. Campanelli, J.), dated February 28, 2024. The order denied the motion of the Fire Department of the City of New York pursuant to CPLR 5015(a)(1) to vacate a judgment of the same court dated September 27, 2023, in effect, granting the amended petition upon the failure of the Fire Department of the City of New York to appear for oral argument.
ORDERED that the order is reversed, on the law, with costs, the motion of the Fire Department of the City of New York pursuant to CPLR 5015(a)(1) to vacate the judgment is granted, and the matter is remitted to the Supreme Court, Kings County, for a determination of the amended petition on the merits.
Pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL), the petitioner requested of the Fire Department of the City of New York (hereinafter FDNY) the production of three electronic databases maintained by the FDNY. The records and information sought related to law enforcement disciplinary records pertaining to emergency personnel of the FDNY, which were previously shielded from disclosure pursuant to Civil Rights Law former § 50-a.
In March 2022, the petitioner commenced this proceeding pursuant to CPLR article 78 to compel the production of the requested material. Thereafter the parties engaged in discussions that resulted in the petitioner filing an amended petition in October 2022, based upon a narrowed FOIL request. The FDNY interposed an answer, asserting various affirmative defenses, including, inter alia, that the FDNY had complied with FOIL-time parameters, that the FOIL request was not properly described and was unduly burdensome, and that the requested records fell within one or more FOIL statutory exemptions. The Supreme Court held oral argument on the amended petition on May 17, 2023. During oral argument, the court encouraged the parties to discuss further the records under the FDNY's supervision. The matter was adjourned, and the parties held further discussions and narrowed the disputes between them. On June 21, 2023, the parties stipulated to a [*2]schedule for the filing of supplemental briefs in a further effort to narrow the issues and identify the remaining issues of contention for the court to resolve, specifically pertaining to the FDNY's proposed withholdings and redactions to the disputed records. Oral argument was scheduled for August 9, 2023. On August 9, 2023, the parties were informed by the court that the proceeding had been reassigned to a new part and that oral argument had been adjourned to September 27, 2023. In a judgment dated September 27, 2023, upon the FDNY's failure to appear for oral argument, the court, in effect, granted the amended petition. The FDNY moved pursuant to CPLR 5015(a)(1) to vacate the judgment. In an order dated February 28, 2024, the court denied the FDNY's motion. The FDNY appeals.
To vacate its default in appearing for oral argument, the FDNY was required to demonstrate a reasonable excuse for its default and a potentially meritorious opposition to the amended petition (see CPLR § 5015[a][1]; Rudsky v Schechtman, 219 AD3d 1453, 1454). "Where the claim is supported by a detailed and credible explanation of the default, the court may accept law office failure as a reasonable excuse" (HSBC Bank USA, N.A. v Hutchinson, 215 AD3d 645, 646; see CPLR 2005). Ill health of a litigant's attorney is an acceptable excuse for a default (see Szklarz v Racer, 227 AD3d 1033, 1034; Goldstein v Meadows Redevelopment Co Owners Corp. I, 46 AD3d 509, 510).
Here, the FDNY demonstrated a reasonable excuse for its failure to appear for oral argument (see Szklarz v Racer, 227 AD3d at 1034; World O World Corp. v Anoufrieva, 163 AD3d 610, 611). The affirmation of the FDNY's attorney demonstrated that its attorney failed to appear at oral argument due to illness, which was corroborated by medical documentation. Moreover, the submissions demonstrated that the FDNY's attorney had notified the petitioner's attorney and the Supreme Court of the illness several hours before the scheduled oral argument, that the petitioner had consented to an adjournment of the oral argument, and that the FDNY's attorney reasonably believed that her appearance was not required. The FDNY also demonstrated a potentially meritorious defense, as the court, in effect, in granting the amended petition upon the FDNY's failure to appear for oral argument, failed to consider the propriety of claimed exemptions or particularized justifications for redactions and may have granted relief that the petitioner had abandoned (see generally Public Officers Law § 89[2][a], [b]; Matter of Gannett Co., Inc. v Town of Eastchester Police Dept., 231 AD3d 1023; Matter of Aron Law, PLLC v New York City Fire Dept., 191 AD3d 664, 666).
Under these circumstances, the Supreme Court should have granted the FDNY's motion pursuant to CPLR 5015(a)(1) to vacate the judgment. Accordingly, we remit the matter to the Supreme Court, Kings County, for a determination of the amended petition on the merits.
The FDNY's remaining contention is academic in light of our determination.
GENOVESI, J.P., BRATHWAITE NELSON, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court