| Rud v Paukman |
|:---:|
| 2025 NY Slip Op 32277(U) |
| June 17, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 521749/2022 |
| Judge: Ingrid Joseph |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Part 83 of the Supreme Court
of the State of New York held in and for
the County of Kings at 360 Adams Street,
Brooklyn, New York, on the _17th_ day of
_June_ 2025.

PRESENT: HON. INGRID JOSEPH, J.S.C.
SUPREME COURT OF THE STATE OF
NEW YORK COUNTY OF KINGS

-------------------------------------------------------------------X

KATERYNA RUD,

                                                             Index No.: 521749/2022

                                  Plaintiff(s)

                   -against-                                  **DECISION AND ORDER**

JOSEPH PAUKMAN, LEV PAUKMAN, individually and as          Mot. Seq. Nos. 10-11
owner, officer, director, manager, representative, and/or agent of
AVE X PRIMARY MEDICAL CARE, AVE X TESTING
CORP, AVEX MEDICAL TESTING, PC, and AVEX
MEDICAL MANAGEMENT, PC,

                                  Defendant(s)
-------------------------------------------------------------------X

The following e-filed papers read herein:                    NYSCEF Doc Nos.:

**Motion Seq No. 10**
Notice of Motion/Affirmation in Support/Affidavits Annexed
Exhibits Annexed...................................................................    114 – 117, 133
Affirmation in Opposition/Affidavits Annexed/Exhibits Annexed.........    127 – 129, 131

**Motion Seq No. 11**
Notice of Cross-Motion/Affirmation in Support of Cross-Motion/
Exhibits Annexed...................................................................    120, 130
Affirmation in Opposition of Cross-Motion/Exhibits Annexed.............    123

Plaintiff Kateryna Rud ("Plaintiff") commenced this action seeking damages, in part, for alleged

sexual harassment and discrimination, hostile work environment, and retaliation under New York State and

New York City human rights laws. Plaintiff asserts that she is a former employee of defendant Ave X,[1]

which is owned by Defendant Dr. Lev Paukman (collectively, the "Ave X Defendants"). Defendant Joseph

Paukman ("Paukman") is Dr. Lev Paukman's son, and the alleged perpetrator of the sexual harassment

(together with the Ave X Defendants, "Defendants").

---

[1] Plaintiff's complaint does not specify which corporate entity she was employed by. Therefore, the Court will refer
to defendants Ave X Primary Medical Care, Ave X Testing Corp, Avex Medical Testing, PC, and Avex Medical
Management, PC as a single entity—"Ave X".

1

[* 1]

Both Plaintiff and Paukman have filed motions. Plaintiff moves for an order, pursuant to CPLR 5015(a)(1), vacating the dismissal of this action on the grounds of excusable default (Mot. Seq. No 10).[2] Specifically, Plaintiff's action was marked disposed on July 15, 2024, by the Final Conference Part ("FCP") because no FCP order was submitted, no motion was pending, and the Note of Issue deadline had expired (*see* NYSCEF Doc No. 67). Plaintiff contends that she was waiting on a decision on her motion to strike Paukman's answer (Mot. Seq. No. 3) and discovery was outstanding. Plaintiff alleges that her motion to strike was denied for nonappearance. As for a reasonable excuse, Plaintiff's counsel contends that he missed a July 1, 2024, hearing because the email regarding that appearance went to his spam folder. With respect to the merits of Plaintiff's claim, counsel submits an affidavit from Plaintiff, which was previously submitted to the Court in relation to a separate motion.[3]

The Ave X Defendants oppose the motion on the grounds that Plaintiff has not met her burden of showing a meritorious cause of action through an affirmation. In addition, the Ave X Defendants argue that Plaintiff's affidavit, which was submitted in support of her prior application for a pre-judgment attachment of Dr. Paukman's assets, cannot be used to satisfy CPLR 5015 (a). Further, the Ave X Defendants argue that in opposition to Plaintiff's prior motion to vacate, which was marked off, the Defendants noted that Plaintiff did not submit an affidavit of merit. Thus, the Ave X Defendants contend that rather than moving to restore and refile the prior motion to vacate, Plaintiff has filed a new motion to cure the deficiencies that would have been fatal to the prior motion had it been heard by the Court. In his opposition, Paukman also argues that Plaintiff has not submitted a sufficient affidavit of merit; thus, requiring denial of the motion.

In reply, Plaintiff argues that the Defendants' claims of procedural deficiencies are unfounded and misrepresent the record. Contrary to the Defendants' assertion that Plaintiff failed to submit an affidavit of merit, Plaintiff previously filed an affidavit, which provided a detailed factual basis for the claims. In addition, Plaintiff refers to text messages and an affidavit of non-party Marland Kaplan, both previously submitted to the Court, to establish Paukman's harassing behavior.

"In order to vacate her default in filing a note of issue and appearing on the hearing date, the [party] was required to demonstrate both a reasonable excuse for her default and a potentially meritorious claim to be raised at the hearing" (*GMAC Mtge., LLC v Yun*, 206 AD3d 796, 797 [2d Dept 2022]; CPLR 5015 [a] [1]). "The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion, and the court has discretion to accept law office failure as a reasonable excuse where that claim is supported

---

[2] This is Plaintiff's second motion to vacate pursuant to CPLR 5015 (a)(1). Plaintiff's prior motion (Mot. Seq. No. 7) was marked off on January 15, 2025, after Plaintiff's counsel did not appear for oral argument.

[3] Plaintiff admits that this affidavit was first submitted to the Court on September 15, 2023 (NYSCEF Doc No. 115, ¶ 11; *see* NYSCEF Doc No. 21). The affidavit attached to this motion is identical to the 2023 affidavit except this version was notarized on December 11, 2024 (*see* NYSCEF Doc No. 116).

2

[* 2]

by a detailed and credible explanation of the default at issue" (*Ki Tae Kim v Bishop*, 156 AD3d 776, 777 [2d Dept 2017] [internal citations omitted]).

Here, Plaintiff's counsel presents conflicting excuses, none of which are persuasive. First, Plaintiff's counsel alleges that to his knowledge there was no scheduled appearance listed on eCourts for July 1, 2024. He then states that "the email regarding the appearance mistakenly went to [his] spam folder" (NYSCEF Doc No. 115, ¶ 3). If there is no appearance, it begs the question as to why there would be an email notification. The Court notes that Plaintiff's counsel failed to provide any evidence of this supposed email. Second, counsel claims that he "may have mis-calendared the date" (*id.* ¶ 5). A cursory review of the eCourts website reveals that the reason there is no July 1, 2024, appearance date for the motion to strike is because it was in fact scheduled for May 8, 2024. It appears that Plaintiff's counsel has mistaken the date of the order denying the motion for nonappearance for the date of the motion (*see* NYSCEF Doc No. 61). Thus, Plaintiff's counsel has not presented any excuse, let alone a reasonable one, for missing the actual hearing on the motion (*see Rudsky v Schechtman*, 219 AD3d 1453, 1454-1455 [2d Dept 2023] [finding that counsel's failure to appear at oral argument because counsel was unaware that it had been scheduled was unreasonable under the circumstances]).[4]

Even if the Court were to accept Plaintiff's confusion as to the date of the appearance, the fact that discovery is outstanding is not an excuse for failing to file an FCP order, which allows parties to schedule any remaining discovery. Accordingly, the Court finds that no reasonable excuse was provided, and the Court need not consider whether Plaintiff demonstrated a meritorious cause of action (*Countrywide Home Loans, Inc. v Vittorio*, 178 AD3d 1017, 1019 [2d Dept 2019]; Ste*in v Davidow, Davidow, Siegel & Stern, LLP*, 157 AD3d 741, 743 [2d Dept 2018]).[5] For these reasons, Plaintiff's motion to vacate is denied.

The Court next turns to Paukman's motion, which seeks sanctions and attorney fees against Plaintiff's counsel for counsel's multiple nonappearances (Mot. Seq. No 11). Paukman argues that Plaintiff's counsel, Mr. Usher, has repeatedly failed to appear for scheduled court proceedings. As a result, Paukman requests $2,500 in sanctions and an additional $2,500 in attorney fees, citing the burden imposed on the Court and opposing counsel (*see* NYSCEF Doc No. 120). Plaintiff opposes this motion on the grounds that Paukman's cross-motion is wholly without merit and based on misleading assertions. According to Plaintiff, Paukman falsely claims that Plaintiff's failure to appear in court were the result of

---

[4] In this action, Plaintiff has failed to appear on two return dates, causing her motions (Mot. Seq. Nos. 3 and 7) to be marked off the calendar. In addition, Plaintiff failed to file a Note of Issue (or otherwise move to extend the time to do so) or file an FCP order. It also seems that Plaintiff failed to appear for a conference on May 23, 2024, before the Note of Issue-Final Conference Part. "While a court may, in the exercise of its discretion, accept law office failure as a reasonable excuse, a pattern of willful default and neglect should not be excused" (*Campenni v Ridgecroft Estates Owners, Inc.*, 261 AD2d 496, 497 [2d Dept 1999] [internal citations and quotation marks omitted]).

[5] Assuming arguendo that the Court accepted Plaintiff's excuse of law office failure, Plaintiff's affidavit contains vague and conclusory statements, which are insufficient to adequately demonstrate that her claims have merit (*see Peterson v Scandurra Trucking Co.*, 226 AD2d 691, 692 [2d Dept 1996]).

[* 3]

calendaring errors since Paukman files multiple motions in different actions that "keeping track of all of the motion hearing dates has become an extensive task in its own right" (NYSCEF Doc No. 123, ¶ 13). In his reply, Paukman reiterates his request for Plaintiff's counsel to be sanctioned in the amount of $2,500 per missed hearing, along with attorney fees.

Upon consideration of the papers, the Court does not find any merit to Paukman's requests for sanctions and attorney fees. While Plaintiff's counsel has failed to appear at least twice on motions before this part, the Court declines to exercise its discretion to impose financial sanctions or reasonable attorney's fees (*see* 22 NYCRR 130-2.1 [a]).

Accordingly, it is hereby

ORDERED, that Plaintiff's motion (Mot. Seq. No.10) to vacate is denied; and it is further

ORDERED, that Paukman's cross-motion (Mot. Seq. No. 11) for sanctions and attorney fees is denied.

All other issues not addressed herein are without merit or moot.

This constitutes the decision and order of the Court.

_____
HON. INGRID JOSEPH, J.S.C.
**Hon. Ingrid Joseph
Supreme Court Justice**

4

[* 4]