Granovskaya v 24 Hour Fitness USA, Inc. (2025 NY Slip Op 06849)

Granovskaya v 24 Hour Fitness USA, Inc.

2025 NY Slip Op 06849

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
CARL J. LANDICINO
LOURDES M. VENTURA, JJ.

2024-02990
 (Index No. 516822/21)

[*1]Alla Granovskaya, respondent, 
v24 Hour Fitness USA, Inc., et al., appellants, et al., defendants.

Kennedys CMK LLP, New York, NY (Stephanie M. Hibbert and David M. Kupfer of counsel), for appellants.
William Pager, Brooklyn, NY, for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants 24 Hour Fitness USA, Inc., and 24 New York, LLC, appeal from an order of the Supreme Court, Kings County (Sharon A. Bourne-Clarke, J.), dated July 10, 2023. The order denied those defendants' motion, inter alia, pursuant to CPLR 5015(a)(1) to vacate an order of the same court (Joy F. Campanelli, J.) dated July 11, 2022, granting the plaintiff's unopposed motion for leave to enter a default judgment against those defendants.
ORDERED that the order dated July 10, 2023, is affirmed, with costs.
In July 2021, the plaintiff commenced this action against, among others, the defendants 24 Hour Fitness USA, Inc., and 24 New York, LLC (hereinafter together the defendants), to recover damages for personal injuries she alleged she sustained in June 2021 when she tripped and fell on a sidewalk in front of certain premises located in Brooklyn. The defendants failed to appear or answer the complaint. In an order dated July 11, 2022 (hereinafter the July 2022 order), the Supreme Court granted the plaintiff's unopposed motion for leave to enter a default judgment against the defendants. In February 2023, the defendants moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate the July 2022 order. The plaintiff opposed the motion. In an order dated July 10, 2023, the court denied the defendants' motion. The defendants appeal.
"A party seeking to vacate his or her default in answering the complaint pursuant to CPLR 5015(a)(1) must demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the action" (JPMorgan Chase Bank, N.A. v Morton, 226 AD3d 665, 667). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court" (Dove v 143 Sch. St. Realty Corp., 172 AD3d 1315, 1317). Here, the defendants failed to demonstrate a reasonable excuse for their default. The defendants failed to appear in this action until after the plaintiff had moved for and obtained leave to enter a default judgment against them, despite acknowledging their awareness of this action and receiving the summons and complaint, as well as a letter from the plaintiff's counsel warning the defendants that their failure to appear or answer the complaint would result in motion practice seeking leave to enter a default judgment against them (see Kuznetsova v Dart Seasonal Prods., Inc., 226 AD3d 763, 764; Scott v Ward, 130 AD3d 903, 904). The defendants' reliance on emails sent by their counsel to the plaintiff's counsel, after [*2]admittedly having been served with the summons and complaint, was insufficient to demonstrate a reasonable excuse for their default (see Kuznetsova v Dart Seasonal Prods., Inc., 226 AD3d at 764; Garal Wholesalers, Ltd. v Raven Brands, Inc., 82 AD3d 1041, 1041-1042).
Since the defendants failed to demonstrate a reasonable excuse for their default, it is unnecessary to determine whether they demonstrated the existence of a potentially meritorious defense to the action (see Deutsche Bank Natl. Trust Co. v Geslani, 222 AD3d 835, 837; Dove v 143 Sch. St. Realty Corp., 172 AD3d at 1317).
The plaintiff's remaining contention is without merit.
DUFFY, J.P., FORD, LANDICINO and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court