Shamayim Chiropractic, P.C. v Permanent Gen. Assur. Corp.
2026 NY Slip Op 50791(U)
May 15, 2026
Appellate Term, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Judgments—Default Judgment--Vacatur

Shamayim Chiropractic, P.C., as Assignee of Ayanna Piquion, Appellant,
v
Permanent General Assurance Corp., Respondent.

Supreme Court, Appellate Term, Second Department, 2d, 11th And 13th Judicial Districts
Decided on May 15, 2026
2025-189 K C
Present: : Wavny Toussaint, P.J., Marina Cora Mundy, Joanne D. Quiñones, JJ

Kopelevich & Feldsherova, P.C. (Galina Feldsherova of counsel), for appellant.
Freiberg, Peck & Kang, LLP, for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Odessa Kennedy, J.), dated November 1, 2024. The order granted defendant's motion to vacate a judgment entered on June 20, 2023 upon defendant's failure to appear or answer the complaint.
[*1]
ORDERED that the order is reversed, with $30 costs, and defendant's motion to vacate the default judgment entered June 20, 2023 is denied.
In this action by a provider to recover assigned first-party no-fault benefits, a judgment was entered on June 20, 2023 upon defendant's failure to appear or answer the complaint. According to the affidavit of service, the summons and complaint were delivered to the managing agent of defendant's registered agent for accepting service of process on defendant's behalf in the State of New York. Defendant subsequently moved to vacate the default judgment pursuant to CPLR 317 and CPLR 5015 (a) (1). Plaintiff opposed the motion. By order dated November 1, 2024, the Civil Court (Odessa Kennedy, J.) granted defendant's motion to vacate the default judgment based on CPLR 5015 (a) (1). On appeal, plaintiff argues that defendant provided neither a reasonable excuse for its default nor a potentially meritorious defense to the action.
A defendant seeking to vacate a default judgment pursuant to CPLR 5015 (a) (1) is required to demonstrate both a reasonable excuse for the default and a meritorious defense to the action (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]; Codoner v Bobby's Bus Co., Inc., 85 AD3d 843 [2011]). The process server's affidavit constituted prima facie evidence of proper service of process upon defendant pursuant to CPLR 311 (a) (1), by serving an agent of defendant authorized to accept service on its behalf (see Hayden v Southern Wine & Spirits of Upstate NY, Inc., 126 AD3d 673 [2015]; Milky Way Acupuncture, P.C. v [*2]Allstate Ins. Co., 68 Misc 3d 128[A], 2020 NY Slip Op 50935[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]). In support of its motion, defendant provided an affidavit from its personal injury protection litigation representative who averred that, based upon her search of defendant's files and databases, she determined that the summons and complaint was never received by defendant. Defendant's claim of lack of receipt is insufficient to constitute a reasonable excuse, as defendant did not provide an affidavit containing a detailed and specific contradiction of the allegations in the process server's affidavit or an explanation why it could not do so (see Berganza v Pecora, 192 AD3d 743, 744 [2021]; Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d 776, 776-777 [2017]; Art of Healing Medicine, P.C. v Allstate Ins. Co., 81 Misc 3d 141[A], 2023 NY Slip Op 51471[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2023]; Renelique v Allstate Ins. Co., 67 Misc 3d 128[A], 2020 NY Slip Op 50401[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]). Thus, defendant's motion was improperly granted pursuant to CPLR 5015 (a) (1), and it is unnecessary to consider whether defendant demonstrated a potentially meritorious defense to the action (see Hingorani v Venus Enters. 11 Corp., 208 AD3d 1229, 1230 [2022]; Ahava Med. Diagnostic, P.C. v Hertz Co., 72 Misc 3d 138[A], 2021 NY Slip Op 50772[U], *1-2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]). Furthermore, CPLR 317 is not a basis to vacate the default judgment, since defendant's agent was personally served with process (see CPLR 317, 318).
Accordingly, the order is reversed and defendant's motion to vacate the default judgment entered June 20, 2023 is denied.
TOUSSAINT, P.J., MUNDY and QUIÑONES, JJ., concur.
ENTER:
Jennifer Chan
Chief Clerk
Decision Date: May 15, 2026